H. S. NORTHUP, *et al.*, *Appellants*, v. J. S. REESE, TRUSTEE, *Appellee.*

Opinion Filed December 3, 1914.

Where a duly recorded mortgage is given to secure the payment of a negotiable note and for full consideration the note and mortgage are assigned before the maturity of the note, and the record of the mortgage is unauthorizedly cancelled, and a second negotiable note and a mortgage on the same property to secure the note are executed and are assigned for value before the maturity of the note, but after the cancellation of

the record of the first mortgage, the assignee of the latter note and mortgage has no priority over the assignee of the first note and mortgage.

Appeal from Circuit Court for Escambia County; J. Emmet Wolfe, Judge.

Decree reversed. COCKRELL, J., dissents.

*Geo. P. Wentworth* and *John P. Stokes,* for Appellants;

*Watson & Pasco,* for Appellee.

WHITFIELD, J.—It appears that on May 3, 1910, the owner of land executed a mortgage thereon to secure the payment of a negotiable promissory note made by the mortgagor payable in one year to the order of Leslie E. Brooks Company, a corporation, the mortgagee. The mortgage was duly recorded on May 3, 1910, and on the same day the note and mortgage were assigned to Mrs. H. S. Northup. On November 3, 1911, the Leslie E. Brooks Company took another mortgage on the same property from subsequent owners of the land to secure the payment of a negotiable promissory note payable in one year. On January 24, 1912, the mortgage first above mentioned was without authority cancelled on the record by the Leslie E. Brooks Company, the original mortgagee, the note and mortgage being held for value by the assignee, Mrs. H. S. Northup, who did not authorize and did not know of the cancellation of the mortgage on the record by the Leslie E. Brooks Company. On January 31, 1912, the mortgage and the note executed on November 3, 1911, were assigned to J. S. Reese, Trustee. The assignment does not state any consideration therefor. On June 24, 1914, J. S. Reese, Trustee, brought proceedings

to enforce the lien of the mortgage assigned to him as trustee, making the mortgagor of the last mortgage and the assignee of the first mortgage, and her husband, defendants. The defendant H. S. Northup as assignee for value of the note and mortgage before the maturity of the note by answer claimed priority over the complainant trustee, the assignee of the last mortgage.

At a hearing on bill and answer the chancellor decreed in favor of the assignee of the last mortgage, and the defendants H. S. Northup, the assignee of the first mortgage, and her husband, appealed.

The question presented is whether the assignee of the first mortgage or the assignee of the last mortgage has priority.

When an equity cause is heard on bill and answer, every fact stated in the bill and not denied by the averments of the answer, must be taken as true. And facts stated in the answer must be taken to be true as pleaded. Hart v. Sanderson's Administrators, 18 Fla. 103.

The transfer of a note secured by a mortgage, carries the mortgage, for the former is the principal and the latter the incident. Stewart v. Preston, 1 Fla. 10, 44 Am. Dec. 621; Carter v. Bennett, 4 Fla. 283; 27 Cyc. 1286; Taylor v. Am. Nat. Bk., 63 Fla. 631, 57 South. Rep. 678.

The registry statutes provide for the record of such assignments of mortgages as are "presented * for record," but do not *require* such a record to be made; and the statutes do not expressly subordinate such assignments when not recorded to the rights of subsequent purchasers for value who take without notice of the assignment. Garrett v. Fernauld, 63 Fla. 434, 57 South. Rep. 671.

An unauthorized cancellation of the record of a mort-

gage is not contemplated by the registry statutes. And an unauthorized cancellation on the record of a mortgage does not destroy the lien of the unsatisfied mortgage or affect the rights of a *bona fide* holder for value who does nothing to mislead or deceive subsequent purchasers or mortgagees. This is particularly so where the indebtedness is evidenced by a negotiable instrument.

The answer admits the allegation that the last note and mortgage for $1,500.00, executed on November 3, 1911, were by the payee and mortgagee, The Leslie E. Brooks Company, on January 31, 1912, endorsed and assigned to the complainant trustee assignee "for valuable consideration and prior to the maturity of the note." In response to the allegations that the complainant trustee took the note and mortgage without notice or knowledge of any claim of the defendant, and that the claim of the defendant is inferior to complainant's mortgage, the answer avers that the first negotiable note for $1,500.00 and the mortgage to secure its payment, executed on May 3, 1910, were on the same day "in consideration of the payment of $1,500.00" to the payee and mortgagee, Leslie E. Brooks Company, endorsed and assigned to H. S. Northup. The answer denies that the mortgage owned by the complainant is prior in dignity to the defendant's mortgage, and expressly avers that the defendant's lien, which was duly recorded and for which she paid full value on the day it was executed, is superior to that of the complainant, which the complainant alleges was assigned to him as trustee "for valuable consideration." The issue thus made is to be determined by the efficacy of the allegations of fact contained in the bill of complaint to show that the complainant is a *bona fide* holder for full value of a mortgage that is in equity superior to the defendant's lien. If on a hearing on bill and answer, the allegations of the bill, that

are not controverted or not expressly or impliedly denied
by the answer, do not show the complainant's lien to be
equitably entitled to priority over the defendant's lien, the
defendant should prevail.  The complainant ultimately al-
leges "that by reason of such cancellation of said mort-
gage appearing on the records as aforesaid, that he is
in equity entitled to a first lien as against such cancelled
mortgage."  The defendant gave *full value* for her note
and mortgage, which mortgage was duly recorded, and she
did not authorize the cancellation on the record of the
mortgage.  She was not required to record the assign-
ment of the mortgage made to her, and the complainant's
note and mortgage were made subsequent to those held
by the defendant.  The interest on the first mortgage was
regularly paid and the defendant did not know that her
mortgage had been unauthorizedly cancelled on the
record.  Nor was she required to enforce her lien at
the maturity of the note.  If the circumstances un-
der which the complainant took an assignment of the
later note and mortgage were such as reasonably should
have put a *bona fide* purchaser for value upon enquiry
which would probably have disclosed the existence of an
older outstanding negotiable note and accompanying
mortgage, the complainant cannot equitably claim priority
over the defendant, in the absence of a showing that he
is a *bona fide* holder of the last note and mortgage for
full value and that he exercised at least some diligence
to ascertain whether the prior negotiable note secured
by mortgage on the property was outstanding in the
hands of a *bona fide* holder for value.  The complainant
had notice by the record of the first mortgage, which
was cancelled on the record without authority or right,
that the mortgage was given "to secure the payment of
a promissory note  *  *  *  payable to the order of" the

mortgagee payee, and the complainant is in law held to know that the title to the note could be transferred by endorsement, which would carry the mortgage as an incident thereto. The complainant must also be held to know that an unauthorized cancellation on the record of the first mortgage would not destroy the rights of a *bona fide* holder of the note and mortgage for value. It, therefore, devolved upon the complainant when he took the note and mortgage to exercise at least some diligence to ascertain whether the negotiable note and mortgage to secure its payment were still outstanding; and this diligence was not obviated by the mere facts that the first note had matured for payment before the last note and mortgage were executed and that the record of the first mortgage had been cancelled, there being nothing shown except the cancellation to indicate that the mortgagee making the cancellation was then the owner of the negotiable note and the mortgage, or was authorized to make the cancellation, and the mortgagee cancelling the record of the first mortgage and assigning the last mortgage being a corporation which may act through various agents. Even if the equities between the complainant and the defendant be regarded as equal, that of the defendant is prior in point of time. But the equities, as shown by the record, are not equal. While the complainant might well have had recorded the assignment of the first mortgage made to her, as the statute permitted her to do, she was not expressly *required* by the statute to do so for the preservation of her rights even against *bona fide* purchasers for value. The unathorized cancellation on the record of the first mortgage did not destroy the mortgage or the rights of the *bona fide* assignee thereof for value. The defendant's mortgage having been duly recorded she was not required to examine the records for an unauthorized

cancellation on the record of her mortgage or for the record of subsequent mortgages on the same property. If the defendant has done nothing to mislead or deceive the complainant she is not at fault. The complainant does not disclose his *cestui que trust,* who may be the original mortgagee of both mortgages or someone in privity with such mortgagee. The assignment of the mortgage made to the complainant does not state any consideration paid therefor, and the answer only admits that the assignment was made "for valuable consideration." It is alleged that when the complainant purchased the last mortgage indebtedness, he had no notice or knowledge of the claim of the defendant, but acted on the faith of the records. It is further alleged that the first mortgagor had, with full warranties both as to title and against encumbrances, conveyed the property to Leslie E. Brooks, who conveyed the same to the last mortgagor. But if such conveyances could aid the complainant it is not alleged that the stated conveyances were duly recorded, or that the complainant knew of the conveyances when he took the assignment of the last note and mortgage. The complainant does not allege that he had any assurance or evidence other than the unauthorized cancellation of the record of the first mortgage by the corporation mortgagee, that the first note and mortgage had been satisfied. The second mortgage was executed November 3, 1911, but the first mortgage was not cancelled on the record till January 24, 1912, a few days before the assignment of the second note and mortgage to the complainant; and the record of the first mortgage, though cancelled without authority, showed that it was given to secure the payment of a negotiable promissory note. These circumstances were, even though the note secured by the first mortgage had matured for payment, sufficient to put the trustee as-

signee of the last note and mortgage upon enquiry that reasonably may have developed the information that the cancellation of the record of the first mortgage was unauthorized and that the first note and mortgage were in fact still outstanding and unsatisfied. There is no allegation or showing that the complainant made any effort or used any diligence whatever to ascertain whether the first negotiable note and the mortgage expressly given to secure its payment, were still unsatisfied, or that the complainant trustee paid full value for the assignment to him, or that he is in fact not a trustee for the original mortgagee of both mortgages.

Priority cannot fairly be decreed to the trustee assignee of the last note and mortgage who took under the circumstances stated above, as against the assignee of the first negotiable note and duly recorded mortgage who paid full value for the assignment made the day the note and mortgage were executed.

The decree is reversed, with directions to decree the priorities in favor of the defendant, H. S. Northup.

SHACKLEFORD, C. J., AND TAYLOR AND HOCKER, J. J., concur; COCKRELL, J., dissents.