E. A. HUGGINS and E. B. STILL, *Appellants,* v. W. R. WHITAKER, as Trustee, *Appellee.*

Division B.

Opinion filed August 5, 1930.

*D. R. Peacock*, for Appellants;

*Dewey A. Dye*, for Appellee.

BUFORD, J.—Still and Huggins filed bill of complaint against W. R. Whitaker, trustee, in the Circuit Court of Manatee County. Subsequently they amended the bill and added as defendants W. A. Weisensale, Iverson Lloyd, Claude Hebb, Walter H. Savery as trustee, Walter H. Savery individually, W. R. Whitaker individually, Edith I. Larson and Anna L. Meyer. Before final decree the two last named defendants were dismissed.

It appears from the record that W. R. Whitaker and others purchased from one Staples certain hotel property, the purchase price of which was $35,000.00; $12,712.00 was paid in cash and a $6,000.00 mortgage was assumed

and a mortgage for $16,000.00 executed in favor of Staples, certain taxes being assumed by the purchasers. The cash payment for the hotel property was furnished by five purchasers in equal amounts. The deed was made to Whitaker, trustee. The mortgage was executed to Staples by Whitaker as trustee. The purchase of this hotel property plays no important part in the disposition of this case, though it appears to have been considered important in the lower court.

The hotel property was sold under contract to Parham for the price of $50,000.00 Whitaker, as trustee, executed a warranty deed to the hotel property under the terms of which Parham assumed and agreed to pay the two mortgages outstanding against the hotel property and as further consideration he executed two notes in the sum of $6,500.00 each, one payable September 28, 1925, and the other January 1, 1926, and two other notes each in the sum of $2,500.00, payable one and two years after date, securing the last two notes by the purchase money mortgage on the hotel property. All of the notes were made payable to Whitaker, trustee. The balance of the purchase price paid by Parham was by way of execution and delivery to Whitaker, trustee, a warranty deed to certain lands which are referred to in the record and may here be referred to as acreage property, the same being conveyed free and clear of all encumbrances and represented $10,000.00 of the purchase price.

In November, 1925, the acreage property was sold to Savery, trustee, for the sum of $24,000.00 and a warranty deed was executed conveying the said property by W. R. Whitaker, trustee, W. H. Fletcher, W. A. Weisensale, W. R. Whitaker, Iverson Llyod, W. R. Huggins and their respective wives. Savery paid $8,000.00 cash which was distributed equally among the five grantors, and also made

and delivered three promissory notes, two in the sum of $5,333.33 and one in the sum of $5,333.34, payable one, two, and three years after date, and gave a purchase money mortgage on the acreage property to secure the payment of the notes. The notes and mortgage were made to W. R. Whitaker, trustee.

At the same time and as a part of the transaction involving the sale of the acreage property the five grantors made and executed what they called "Articles of Trust" which being acknowledged, was duly recorded, and in which W. R. Whitaker, Trustee, was given power to collect the proceeds of the notes and mortgage as they became due and to disperse the same among the owners thereof and was also given certain other powers not material to be considered here. This instrument, which was designated "Articles of Trust" solemnly declared that the parties thereto, to-wit: Whitaker, Weisensale, Lloyd Fletcher and Huggins, owned the notes and mortgage in equal shares of 1/5 each. It is immaterial, but we may say in passing that the record shows that Parham failed to pay the balance of the purchase price of the hotel property and the mortgage was foreclosed by Whitaker, Trustee, and he became purchaser at the master's sale. The deed from the master was to W. R. Whitaker, Trustee. Whitaker being joined by Fletcher, sold and assigned Fletcher's 1/5 interest in the acreage mortgage and notes to Hebb on August 17th 1926. The assignment was recorded. On September 5th, 1926, Huggins sold and assigned his 1/5 interest in acreage notes and mortgage to Still and E. A. Huggins. This assignment was acknowledged on December 22nd, 1926 and was filed for record on the same day.

The record shows that E. A. Huggins and E. B. Still were purchasers before maturity without notice of the 1/5 interest of W. R. Huggins in the acreage notes and mortgage.

In December, 1926, Whitaker received payment from Savery of the first of the notes due on account of the sale of the acreage property with interest on the other two notes. He also received other monies from Savery for release of portions of the acreage property. The record shows that Hebb received 1/5 of all the monies received from Savery as above stated, but none of the other owners received anything. Therefore, the suit.

There was a decree against the complainants. The decree of the lower court was upon the theory that from the beginning Whitaker, Fletcher, Weisensale, Huggins and Lloyd entered into and carried on a joint adventure beginning with the purchase of Manasota hotel property and that by the assignments from W. R. Huggins to E. A. Huggins and E. B. Still, and from W. H. Fletcher to Claude Hebb, only the equitable interests of W. R. Huggins and W. H. Fletcher were conveyed and that the representative assignees stand in the place of the respective assignors and are subject to all counter claims and rights of contribution and rights of application of all the property and income of the joint venture and are subject to having the assets of the said joint venture applied to the protection and preservation of the property and payment of the debts and obligations of the said joint venture and to the discharge of liens, if any, upon the property, before distribution of the property or profit is had.

This view of the case would be tenable were it not for the so-called Articles of Trust executed by the five individuals with reference to the notes and mortgage here under consideration. Under that contract which was executed by W. R. Whitaker as Trustee and as an individual, the five parties became equal partners in the proceeds of that particular fund with the definite agreement between them that it should be collected and distributed equally

among them. Whitaker was not a Trustee. He was merely an agent for his co-partners. No person can be both Trustee and *cestui qui trust* of property at the same time. (Willey et al. v. Hoggson, a corporation, et al., 90 Fla. 343, 106 So. R. 408; Walker v. Close, 125 So. R. 521.)

The mortgage and notes and the so-called Articles of Trust must be considered and construed together. When these are considered together the ownership is found to be the same as if the notes and mortgage had been made to the five parties jointly and the legal title thereto rested in the five parties in shares of 1/5 each. Being joint owners of both the legal and equitable title in the notes and mortgage, each or either of the parties was in position to sell, assign and convey his 1/5 interest. W. R. Huggins so assigned his 1/5 interest to the appellants by an instrument in writing before maturity of the first note and the record shows that the assignees bought the same before maturity for a valuable consideration without notice of any defects, charges or latent equities existing in the same. (Taylor v. American National Bank, 63 Fla. 631, 57 So. R. 678; McClure v. American National Bank, 67 Fla. 32, 64 So. R. 427; Northup v. Reese, 68 Fla. 451, 67 So. R. 136.)

We, therefore, conclude that Whitaker, having made himself a party to the written agreement called Articles of Trust, which was in fact a setting apart to each of the parties of his respective 1/5 interest in the notes and mortgage, could not set up a prior joint adventure between the original five mortgagees as a defense to the suit which was instituted by the assignees of the owner of a 1/5 interest in the mortgage and notes.

For the reason stated, the decree should be reversed with directions that further proceedings be had not inconsistent with this opinion.

Reversed.

WHITFIELD, P. J., and STRUM, J., concur.

TERRELL, C. J., concurs in the opinion and judgment.