J. J. P. HAMILTON, *Plaintiff in Error,* vs. VERO BEACH RESERVE MORTGAGE COMPANY, *Defendant in Error.*

144 So. 362.

Division A.

Opinion filed October 18, 1932.

*C. P. Diamond,* for Plaintiff in Error;
*Vocelle & Mitchell,* for Defendant in Error.

BUFORD, C.J.—Hamilton, plaintiff in error here, was defendant in the court below, and Vero Beach Reserve Mortgage Company was the plaintiff there.

On July 28, 1928, Hamilton purchased a certain automobile from Dixie Auto Sales Company, paying part cash and executing conditional sales contract in which title was retained in the vendor with the right to retake the property in default of instalment payments and also executed a promissory note for $575.00, $287.50 of which was payable four months after date and $287.50 payable eight months after date. The note by its terms was identified with the sales agreement covering the sale of the automobile.

This case is to be distinguished from that of Voges Motor Co. vs. Ward, 98 Fla. 304, 123 Sou. 785. In that case the note was complete within its four corners and was in proper form to constitute an independent and unconditional promise to pay. The notation on the lower left corner of the note was an independent notation. In this case in the body of the note there appears this language, "This note, including all instalments thereof of even date herewith is identified with conditional sale agreement covering a certain motor vehicle and certain personal property and equipment thereon." This language in the note so bound it with the sale contract as to make it subject to all the conditions of the sales contract and so as to require the note and the sales contract to be considered together as the complete and indivisible contract between the parties. The note was burdened with all conditions contained in that other part of the contract. The note was assigned by the

vendor to Vero Beach Reserve Mortgage Company with recourse. The conditional sales agreement was assigned by the Vendor to Commercial Credit Company of Florida, but there is no proof of delivery of the latter assignment. When the first installment became due Hamilton was not in position to pay the note and thereupon he delivered the automobile to Dixie Auto Sales Company. There is no showing that he was then advised that the conditional sales contract had been assigned to Commercial Credit Company of Florida. There is sharp conflict as to whether or not the defendant ever had any notice before suit that the note had been assigned to plaintiff. The vendor accepted the return of the automobile and notified the holder of the note that Hamilton had returned the automobile to the vendor. The holder of the note took no action and remained silent. Later the vendor advised the holder of the note that he had an offer for the purchase of the automobile at a stated price which was $125.00 less than the face of the note. The holder of the note declined to authorize the sale of the automobile at that price. The automobile remained stored and on August 31, 1931, more than three years after the purchase and sale, the holder of the note filed this suit against Hamilton.

The defendant filed plea of payment and also filed a plea which may be termed one of accord and satisfaction in that he had returned the property to the vendor and that the vendor repossessed and took possession of the motor vehicle when default occurred in the first installment on the note.

At the trial the facts as above stated were established by evidence. The agent of the vendor testified that Dixie Auto Sales Company never acted as agent for the holder of the note, but he did not testify that he did not act as agent for Commercial Credit Company of Florida. Neither was there any evidence to show whether or not Commercial

Credit Company of Florida remained the holder and owner of the conditional sales contract, if in fact it ever acquired the same, or that it had not been returned to the dealer. Neither is there any evidence, except the assignment which appears on the conditional sales contract, that such contract was ever delivered to Commercial Credit Company of Florida or that that company ever accepted the assignment thereof from Dixie Auto Sales Company. The conditional sales contract was introduced in evidence by the defendant without objection, but there appears in the record here no explanation of his possession of same.

Under the terms of the contract, Dixie Auto Sales Company had a right to repossess the automobile upon default occurring in the payment of an installment of the purchase price. The note, as heretofore stated, showed upon its face that it was only a part of the contract and was identified with the sales contract. The holder of the note was therefore, charged with notice that the vendor reserved title in the automobile and had the right to repossess the same. The holder was also charged with knowledge of the law to the effect that the vendor could not repossess the property and also pursue the vendee for the payment of the purchase price. American Process Company vs. Fla. White Pressed Brick Co., 56 Fla. 116, 47 Sou. 942.

The plaintiff in the court below acquired only a part of the contract, to-wit: the note. The remainder of the contract remaining in the hands of the vendor, the assignee of the note was bound by the action of the vendor in repossessing the property and thereby discharging the obligation of the note, but, aside from this, we think that the record shows that the conduct of the assignee of the note when the automobile was returned to the vendor and the assignee had notice thereof, was a ratification of the discharge of the maker of the note, and thereafter the plaintiff's cause of action, if any, was against the assignor of the note, the

vendor of the automobile remaining liable on its endorsement thereof to the assignee.

The judgment was on a directed verdict in favor of the plaintiff. The directing of such verdict was error and, therefore, the judgment should be reversed. It is so ordered.

Reversed.

WHITFIELD, TERRELL, BROWN AND DAVIS, J.J., concur.