D. B. WARE, *Appellant,* v. CLARENCE M. BUSCH, as trustee, *Appellee.*

146 So. 197.

En Banc.

Opinion filed January 28, 1933.

*O. S. Miller,* for Appellant.

*J. M. Couse,* for Appellee.

FABISINSKI, Circuit Judge.—One N. F. Stone contracted to convey to appellant, D. B. Ware, certain lands in Glades County by good and sufficient deed. N. F. Stone was the vendee under an executory contract of purchase of the same lands from the appellee, Clarence M. Busch, as trustee of an express trust. The record title to the lands was in Clarence M. Busch, as trustee. Prior to July 20, 1921, Clarence M. Busch owned 51.675 per cent. undivided interest in fee in said lands, and his wife owned 2.5 per cent. undivided interest, and three other persons owned undivided interests in fee in other varying proportions, the five together owning the entire fee. On July 20th, 1921, these five owners conveyed the land to Clarence M. Busch, as trustee for himself and the others, for the more convenient sale and disposition of the property. The form of the conveyance is not material here, as it is not in question, but the effect of the conveyance upon the separate interest of Clarence M. Busch is the point in controversy.

When the time came for the conveyance to be made, appellant, D. B. Ware, vendee under the contract of purchase from Stone, having ascertained the record title to be in Busch, as trustee as above stated, put Stone on notice that he would not accept a conveyance as being in accordance with the contract unless Clarence M. Busch executed a con-

veyance in which he, Busch, should join in his private and individual capacity, joined by his wife, but agreed to accept conveyance through Busch, as trustee, for the remaining interests. Ware's contention was that Busch could not convey as trustee for himself, claiming that he could not be trustee and *cestui que* trust of the same interest at the same time. Busch declined to execute a conveyance in his private and individual capacity covering his separate interest in the property, insisting on the legal sufficiency of a conveyance from himself as trustee to convey the entire fee.

When the parties had arrived at this *impasse,* Ware refused to make the remaining payments called for in the contract (he had already paid $5,500.00 on account), Stone assigned his rights under the contract to Busch, as trustee, and Busch proceeded by the present action in equity to foreclose the contract. Ware defended, denying any breach of the contract on his part, and prayed affirmative relief against Busch by way of recovery of the payment which he had made, which, however, had been made to Stone and not to Busch. The chancellor found the equities to be with the complainant, Clarence M. Busch, as trustee, and directed foreclosure, which was had, and the sale under foreclosure was confirmed. Ware appeals from the final decree of foreclosure.

The only question which it is necessary to determine in order to dispose of this controversy is whether, under the circumstances stated, an offer by Stone, the vendor, to obtain a conveyance from Clarence M. Busch, as trustee, but without a joinder by Busch in his private and individual capacity and joined therein by his wife, was a sufficient compliance with the requirement of the contract for a conveyance by a "good and sufficient deed."

The same person cannot be at the same time trustee and beneficiary of the same identical interest. Axtell v. Coon,

82 Fla. 158, 89 So. 419; Wiley v. Hoggson, 90 Fla. 343, 106 So. 408; Reed v. Barry, 93 Fla. 849, 112 So. 846; Walker v. Close, 98 Fla. 1103, 125 So. 521; Montgomery v. Carlton, 99 Fla. 152, 126 So. 135; Huggins v. Whitaker, 100 Fla. 600, 129 So. 857.

This rule is subject to some exceptions, and under some circumstances one may be trustee for himself and others. See 39 Cyc. Trusts, page 248, note 40. But the situation presented by the facts in the present case does not come within the exception. It would be useless here to attempt to distinguish between the rule and the exception, and to draw fine distinctions, as it is hardly likely that a similar situation will arise again. No case has been cited to us warranting the refusal of appellee to convey in his individual capacity. Certainly no change resulted either in the estate created, or in the status of Busch as a legal personality, by the conveyance of his undivided interest in real estate from himself as an individual, to himself as a trustee, which justified him in refusing to join in conveyance in his individual capacity. In any event there was such a doubt as to his capacity to convey as trustee, as warranted the vendee in declining to accept conveyance unless he joined in it as an individual.

"A purchaser from an executor, administrator, trustee, donee of a power, etc., or from one claiming under or through a sale and conveyiance from them, cannot be compelled to accept the title if the right of such parties. to make the sale or the validity of the sale and conveyance is doubtful. 39 Cyc., Vendor and Purchaser, Page 1476."

The decree is reversed, with instructions to dismiss the bill of complaint. Appellant Ware cannot claim affirmative relief as against Busch for the recovery of payments made by him under the contract, as it is not claimed that Busch

received any part thereof. His remedy for recovery of the payments if any is against Stone, who is not a party to this suit.

Reversed with directions.

DAVIS, C. J., and WHITFIELD and BUFORD, J. J., concur.