133 So.2d 770 (1961)
Frederick A. RESNICK, Appellant,
v.
Sander J. GOLDMAN, Appellee.
No. 61-18.
District Court of Appeal of Florida. Third District.
October 30, 1961.
Rehearing Denied November 17, 1961.
Pallot, Marks, Lundeen, Poppell & Horwich, Miami, for appellant.
Leef & Ankus, Miami Beach, for appellee.
Before CARROLL, BARKDULL and HENDRY, JJ.
CARROLL, Judge.
This is an appeal from a final decree which rescinded a contract for sale of real estate, returned the down payment to the purchaser and awarded him certain damages for expenses incurred. The parties had entered into a written contract by which the appellant Resnick agreed to sell to the appellee Goldman certain real estate for the sum of $26,000. There was a down payment of $5,000.
The purchaser's examination of the title revealed that the seller Resnick no longer *771 held title, having previously conveyed the property to Central Bank and Trust Company of Miami, Florida, "as Trustee under the provisions of a certain Trust Agreement, dated the 15th day of August, 1957, and known as Trust No. 57-149." That deed contained recitals which purported to give the trustee full power of sale without need for the consent or joinder of the beneficiaries under the trust agreement to which it referred. But the terms of that separate trust agreement were not revealed on the deed, and the trust agreement was not recorded.
The seller tendered a deed from the trustee. Contending title was unmarketable, the purchaser refused it, and filed this suit which resulted in the decree appealed.
Appellant argues (1) that there was no equity jurisdiction, (2) that the title was marketable, and (3) that it was error to award the damages. As to the first contention, the nature of the relief granted shows that equity jurisdiction was properly invoked. Equity takes cognizance of suits for rescission of executory contracts to convey,[1] and a claim by a purchaser for return of a down payment under such a contract is properly brought in equity where to aid recovery a lien may be claimed and imposed on the property involved.[2]
The chancellor correctly recognized that the bank held the property in trust, and not in fee simple under § 689.07, Fla. Stat., F.S.A. There were statements in the deed of the "nature and purposes of the trust" which took it out of the statute. The difficulty resulted from the fact that the trust terms recited in the deed could not be relied upon, because of the possibility of conflict with the terms of the particular trust agreement also referred to in the deed but otherwise undisclosed. Therefore the chancellor correctly held that the purchaser was entitled to regard the title as unmarketable and was excused from performance.
Where the terms of a trust agreement so authorize and provide expressly or impliedly, a trustee may sell trust property without the need of joinder or assent of the cestui que trust.[3] In the instant case, although the title was conveyed to the bank as trustee under the provisions of a described trust agreement, the trust agreement was not recorded and its provisions were not produced for the inspection of the purchaser. Thus, when a deed from the trustee was tendered, the purchaser, being unadvised as to the terms of the trust agreement, had no way of knowing whether, according to the provisions thereof, the deed from the trustee would be valid or invalid. In those circumstances the uncertainty as to the terms of the trust determined the unmarketability of the title. Ware v. Busch, 108 Fla. 153, 146 So. 197, 198; Adams v. Whittle, 101 Fla. 705, 135 So. 152, 155. See Patton on Land Titles (2d Ed. 1957), § 417; 33 Fla.Jur., Vendor & Purchaser, §§ 62, 70-71.
The damages allowed were proper under the proposition that for such breach of contract the purchaser is entitled to recover the purchase money he has paid, together with interest and expenses of investigating title. Key v. Alexander, 91 Fla. *772 975, 108 So. 883; Gassner v. Lockett, Fla. 1958, 101 So.2d 33.
We have given consideration to the appellee's cross-assignments of error and find them to be without merit.
Affirmed.
NOTES
[1] Reese v. Levin, 124 Fla. 96, 168 So. 851; Johnson v. Green, Fla. 1954, 54 So.2d 44. See 5 Fla.Jur., Cancellation, Reformation and Rescission of Instruments §§ 4, 5, 30; 12 Fla.Jur., Equity, § 22, at p. 162; 33 Fla.Jur., Vendor and Purchaser, §§ 165, 166, 180, 191.
[2] O'Steen v. Thomas, 146 Fla. 73, 200 So. 230. See 33 Fla.Jur., Vendor & Purchaser, § 170.
[3] See Jordan v. Landis, 128 Fla. 604, 175 So. 241; III American Law of Property, § 12.82 (Casner Ed. 1952); id. vol. IV, § 18.58 at p. 757; Bogert, Trusts and Trustees (2d ed. 1960), § 741; cf. id. § 745, pp. 620-621; 4 Powell, Real Property (1954) ¶ 538; II Scott, Trusts (2d Ed. 1956), § 190.5; Restatement (Second), Trusts, § 190 (1959).