180 So.2d 472 (1965)
Sam POLICASTRO and Tat Co., Appellants,
v.
Sam RUDT and Mollie Rudt, his wife, Appellees.
No. 5618.
District Court of Appeal of Florida. Second District.
November 16, 1965.
Rehearing Denied December 16, 1965.
W.B. Hunter, Tavares, for appellants.
No appearance for appellees.
LILES, Judge.
Defendants appeal from a final decree entered in favor of plaintiff in a declaratory suit.
Defendant Policastro and one J.G. Grentner and his wife, who are not parties to this appeal, are makers of promissory note dated December 17, 1962 made payable to the order of plaintiffs in the principal sum of $8,400.00, and providing for interest at ten (10%) per cent per annum. The payment schedule noted on the face of the note begins December 17, 1963 and ends December 17, 1967. The payments are due annually in the amount of $1,680.00 "which includes *473 interest." The note recites that it is secured by a first mortgage of even date.
Defendant Policastro and the Grentners executed to the plaintiffs a mortgage dated the same date, December 17, 1962, on certain real property in Lake County to secure the note. This mortgage contains the following clause:
"The Mortgagors and Mortgagees herein agree that neither of said Mortgagors shall be personally liable on the promissory notes secured by this mortgage deed, and the Mortgagees agree that the property described herein securing said promissory notes shall at all times be the sole security for payment of all sums of principal and interest evidenced by said promissory notes and this mortgage deed."
Plaintiffs filed a suit for declaratory decree alleging that the terms and provisions of the note were uncertain and ambiguous as to whether or not interest was to be paid; and that if it were the intention of the parties that the principal balance be paid off in annual installments of $1,680.00 including interest, then the note would be fully paid in December of 1969 rather than December of 1967. (We calculate that five annual installments of $1,680.00 each amounts to $8,400.00, which is the principal sum exclusive of interest.) Plaintiffs further alleged that they were in doubt as to their own rights and status under the clause in the mortgage, as well as the rights of the defendants.
Defendants failed to file a responsive pleading and a decree pro confesso was entered against them. Whereupon, the chancellor entered a final decree finding that the intention of the parties and a just and reasonable construction of the terms of the note was that the principal sum was to be paid in annual installments of $1,680.00, including interest at the rate of ten (10%) per cent per annum, which were to continue until the entire principal and interest was paid in full. The chancellor further ordered that the principal sum be paid in seven annual installments of $1,680.00, including interest, and one final installment of $473.86.
The chancellor also found that the clause in the mortgage which purported to limit liability on the note was not such an agreement that would change the unqualified terms of the note as between the makers and the payees. There was no oral testimony heard at the final hearing. Defendants contend that because of this fact it was impossible for the chancellor to determine the intent of the parties regarding the payments made on the note.
It is advisable in cases of this nature that oral testimony be taken, but oral testimony is not the exclusive means of determining the intention of the parties. Such intent may be determined from the face of the instrument, and the note must be construed as a whole so as to give effect to every part of it. 10 C.J.S. Bills and Notes § 42. We conclude that chancellor's construction regarding the payments called for by the note is correct and that portion of his decree is affirmed.
The clause in the mortgage purporting to limit liability of the makers of the note presents a different problem. It is the established rule in Florida that where a note evidencing a debt and a mortgage to secure its payments are executed at the same time in one transaction and the note refers to the mortgage, the two instruments must be construed together. This means that any provision in one instrument limiting, explaining or otherwise affecting the provisions in the other instrument will be given effect between the original parties and all persons charged with notice. Webster v. 759 Riverside Avenue, Inc., 1933, 113 Fla. 8, 151 So. 276; Hamilton v. Vero Beach Reserve Mortgage Co., 1932, 107 Fla. 65, 144 So. 362; Spadaro v. Baird, 1929, 97 Fla. 50, 119 So. 788. In the instant case the note states that it is secured by a first mortgage. The mortgage provides that the *474 subject property will be the only security for the note. The note and the mortgage constitute one entire contract between the parties. It goes without saying that parties may contract and agree to anything that is not illegal or against public policy. Thus, we conclude that the limitation clause in the mortgage is valid as between plaintiffs and defendants, and that portion of the chancellor's decree is reversed.
Since this is an action between the original parties to the note and the mortgage and the note has not been negotiated nor assigned, we need not decide whether the limitation of liability clause in the mortgage destroys the note's negotiability or if the clause constitutes a good and sufficient defense against persons other than the original parties in any possible subsequent actions.
Affirmed in part and reversed in part.
SMITH, Acting C.J., and ANDREWS, J., concur.