549 So.2d 1157 (1989)
Edwin C. McCLURE, Jr., Appellant,
v.
PAINEWEBBER, INCORPORATED, Appellee.
No. 89-1076.
District Court of Appeal of Florida, Third District.
October 10, 1989.
Gilbride, Heller & Brown and Dyanne E. Feinberg, Michael D. Lozoff, Miami, for appellant.
*1158 Patricia E. Cowart and Steven M. Greenbaum and Michael R. Alford, Miami, for appellee.
Before SCHWARTZ, C.J., and BASKIN and GERSTEN, JJ.
BASKIN, Judge.
In this appeal, Edwin C. McClure, Jr., challenges a non-final order granting a motion filed by Painewebber, Inc., [PWI] for a stay pending arbitration. He contends that the arbitration provisions governing his employment disputes with his employer do not apply to a promissory note. We agree.
In 1986, McClure terminated his employment with Dean Witter Reynolds, Inc., and began working for PWI. As part of his employment transfer, McClure executed a standard Form U-4, Uniform Application for Securities Industry Registration or Transfer. The form provided for arbitration of any dispute arising from the employment relationship.
One month later, in exchange for $136,613 from PWI as advance compensation, McClure executed a promissory note in favor of PWI. The note provided that the "Employee agrees that any legal suit, action or proceeding arising out of or relating to this Note, may be instituted in the New York State Supreme Court." In the event that McClure's employment was terminated, PWI could demand payment of the note. The note contained no arbitration provision.
Following McClure's resignation in October 1988, PWI demanded payment of the amount outstanding on the note. In response, McClure instituted an action against PWI for a declaratory judgment to determine the validity of the note. In addition, his complaint alleged that PWI had breached its employment contract and had fraudulently misrepresented the conditions of his employment. PWI sought a stay of proceedings pending arbitration. The trial court granted the motion and McClure filed this appeal.
In Painewebber, Inc. v. Hess, 497 So.2d 1323 (Fla. 3d DCA 1986), we held that a dispute relating to a promissory note that does not contain a provision for arbitration should not be resolved by arbitration. The note under consideration does not indicate that the parties intended to arbitrate. When, as here, a promissory note contains clear and unambiguous language, it constitutes evidence of the intent of the parties and renders examination of the surrounding facts and circumstances unnecessary. Robert C. Roy Agency, Inc. v. Sun First Nat'l Bank of Palm Beach, 468 So.2d 399 (Fla. 4th DCA), review denied, 480 So.2d 1295 (Fla. 1985); Policastro v. Rudt, 180 So.2d 472 (Fla. 2d DCA 1965); see also G. & N. Constr. Co. v. Kirpatovsky, 181 So.2d 664 (Fla. 3d DCA 1966) (contracts providing for arbitration are to be carefully construed to avoid forcing a party to submit to arbitration a question he did not intend to submit).
In addition to the counts pertaining to the note, the complaint before us contains counts directed to an employment agreement controversy as well as to fraudulent misrepresentation. The terms of McClure's employment require arbitration of those claims.
For these reasons, we hold that the breach of contract and fraud claims are subject to arbitration, but the dispute over the note is not. Accordingly, we affirm the stay pending arbitration as to the arbitrable claims but reverse as to the note.
Affirmed in part; reversed in part.