553 So.2d 1256 (1989)
Albert L. THOMAS, et al., Appellants,
v.
Daniel W. HARTMAN, Jr., et al., Appellees.
No. 88-1081.
District Court of Appeal of Florida, Fifth District.
November 9, 1989.
Rehearing Denied January 4, 1990.
Caruso & Kabboord, Merritt Island and Russell S. Bohn and Paul F. King of Edna L. Caruso, P.A., West Palm Beach, for appellants.
Charles M. Holcomb of Law Offices of Holcomb and Deans, Cocoa, for appellee Daniel Hartman, Jr.
No appearance for appellees Karen Hartman, Michael Kent and Aloha Realty.
DANIEL, Chief Judge.
Albert and Wanda Thomas appeal from an amended final judgment in which the trial court held that Daniel Hartman had no personal liability on a promissory note secured by a mortgage on the Hartmans' home because of an exculpatory provision in the note and mortgage. We reverse.
Hartman, a licensed real estate broker, bought the Thomases' farm in Tennessee. The Thomases, unrepresented by counsel or a real estate broker, took a promissory note secured by a mortgage on the Hartmans' home to cover $25,000 of the $75,000 purchase price. The Hartmans failed to pay the $25,000 note when due and the Thomases attempted to foreclose on the mortgage on the home only to discover that the mortgage was not a first mortgage and that foreclosure by the actual first mortgagees left the Thomases without any security for their $25,000 note.
The trial court first entered a judgment against Hartman, but upon motion for a *1257 new trial granted an amended final judgment holding that the Thomases were not entitled to recover on the promissory note because of exculpatory language in the initial purchase contract, the note and the mortgage.
The language at issue is found in three documents all of which were prepared by Hartman: the addendum to the sales contract which states "The property described herein shall be the sole security for the note"; the promissory note which contains the language "The property described in the mortgage of even date shall be the sole security for this note"; and the mortgage which includes therein "The property described herein shall be the sole security for the note." The trial court permitted Hartman to testify regarding his intent when he placed this language in the three documents. This was error. Parol evidence is permitted only where the written document is ambiguous and is then limited to explaining the ambiguity. There is no ambiguity in the language contained in the three documents. Such language means simply what it states  the property was the only security for the note. The debt evidenced by the note exists independent of any mortgage or any security. A creditor holding a note secured by a mortgage has several options. He may ignore the security and bring an action at law on the indebtedness, he may proceed by foreclosure to enforce the lien, or he may resort to both remedies in order to secure satisfaction. See 37 Fla.Jur.2d "Mortgages and Deeds of Trust" § 400. The language here does not prohibit the Thomases from looking to Hartman personally just as they would have been forced to do if the note was unsecured or just as they could do even if there was "good" security. Compare the language here with Sample v. Hundred Lakes Corp., 107 Fla. 568, 145 So. 193 (1933); Heim v. Kirkland, 356 So.2d 850 (Fla. 4th DCA 1978); Policastro v. Rudt, 180 So.2d 472 (Fla. 2d DCA 1965).
The language here does not contain any latent ambiguity. The language "sole security" means exactly what it says and does not in any way affect the personal liability of Hartman on the promissory note. Parol evidence in the form of Hartman's testimony as to what his intent was when he included the clause was not admissible. Even assuming ambiguity existed, it should have been construed against Hartman as he was the one who selected the language and prepared the documents. See Security First Federal Savings and Loan Assn. v. Jarchin, 479 So.2d 767 (Fla. 5th DCA 1985), review denied, 488 So.2d 831 (Fla. 1986).
The amended final judgment is accordingly reversed and this matter remanded for further proceedings consistent herewith.
REVERSED and REMANDED.
COBB and COWART, JJ., concur.