658 So.2d 1162 (1995)
William H. MELLOR and Patricia H. Mellor, husband and wife, Appellants,
v.
Morton A. GOLDBERG, as Trustee and individually, Appellee.
No. 94-03684.
District Court of Appeal of Florida, Second District.
August 2, 1995.
*1163 Theodore L. Tripp, Jr., of Garvin & Tripp, P.A., Fort Myers, for appellants.
J. Jeffrey Rice of Goldberg, Goldstein & Buckley, P.A., Fort Myers, for appellee.
ALTENBERND, Judge.
William and Patricia Mellor appeal an order dismissing with prejudice their complaint on a promissory note. The trial court ruled that the Mellors are entitled to enforce a mortgage against real property securing the note executed by Morton A. Goldberg, but they cannot obtain a personal judgment against Mr. Goldberg, either individually or as trustee. We reverse because Mr. Goldberg has not established in this record that the note is unenforceable.
Our limited record reveals that the Mellors filed suit on a promissory note. They attached the note to their complaint and alleged that they were owed approximately $750,000. In response to an initial motion to dismiss, the Mellors filed a copy of a mortgage that was executed in conjunction with the note. The mortgage contained a special clause restricting assignment of the note, and also stated:
The land subject to this mortgage shall be the sole security for the indebtedness secured hereby, and a deficiency judgment shall not be obtained against the mortgagor in the event of foreclosure.
Thereafter, Mr. Goldberg renewed his motion to dismiss, arguing that the two documents reflected an agreement precluding an in personam judgment against him. The trial court agreed and dismissed with prejudice the action on the promissory note. The order, however, also provided that such dismissal was without prejudice to file a suit to foreclose the mortgage.
There are no affidavits or documents in this record other than the note and mortgage. It is probable that these documents were created as a result of a sale of the relevant real estate from the Mellors to Mr. Goldberg, either individually or as trustee. The record, however, does not contain any contract for the sale of real estate. The record also fails to explain why the special language was inserted in the mortgage.
As a general rule, a holder of a promissory note secured by real property is permitted to pursue both an action on the note and an action to foreclose the mortgage. These remedies are not inconsistent and are each available to satisfy the underlying obligation. Gottschamer v. August, Thompson, Sherr, Clark & Shafer, P.C., 438 So.2d 408 (Fla. 2d DCA 1983). In Policastro v. Rudt, 180 So.2d 472, 473 (Fla. 2d DCA 1965), this court construed a note and a simultaneously executed mortgage and held that the following language unambiguously precluded a personal judgment against the obligor on the note:
The Mortgagors and Mortgagees herein agree that neither of said Mortgagors shall be personally liable on the promissory notes secured by this mortgage deed, and the Mortgagees agree that the property described herein securing said promissory notes shall at all times be the sole security for payment of all sums of principal and interest evidenced by said promissory notes and this mortgage deed.
By contrast, in Thomas v. Hartman, 553 So.2d 1256, 1257 (Fla. 5th DCA 1989), review denied, 564 So.2d 1086 (Fla. 1990), the Fifth District held that the following language in a purchase contract, note, and mortgage was not ambiguous and did not preclude a personal judgment on the note:
The property described herein shall be the sole security for the note.
In both Policastro and Thomas, the courts had the benefit of a record containing all the relevant documents and an evidentiary explanation of the transaction. While both courts rendered legal interpretations of documents *1164 that were treated as unambiguous, they performed this task with considerable knowledge concerning the transaction. They did not resolve the issue on a motion to dismiss.
In this case, the language in the mortgage is not as precise as the language in Policastro. On the other hand, the language contains limitations not included in Thomas. We cannot hold, as a matter of law, that the limitation precluding a deficiency judgment was intended unambiguously either to prohibit or permit a personal judgment. We can perceive reasons why the parties might contract to prohibit a deficiency judgment in foreclosure while retaining the right to proceed on the note. Accordingly, while we agree that the note and the mortgage should be construed together, we conclude that evidence of intent is necessary to explain a latent ambiguity within the two documents. See Crown Management Corp. v. Goodman, 452 So.2d 49 (Fla. 2d DCA 1984), review denied, 484 So.2d 8 (Fla. 1986). Thus, the trial court erred in granting Mr. Goldberg's motion to dismiss.
Reversed and remanded for further proceedings consistent with this opinion.
THREADGILL, C.J., and BLUE, J., concur.