PER CURIAM.
This appeal arises from a standard lien foreclosure lawsuit the appellee, Gulf Island Beach and Tennis Club Condominium Association II, Inc. (the Association), commenced to collect delinquent condominium assessments that the appellant, Gulf Island Resort, L.P. (Gulf Island), owed for 41 units it owned. Gulf Island contends that the Association was not entitled to the relief awarded because of the way the Association had fashioned its pleadings. We disagree and affirm.
This action began as three separate lawsuits against three owners who, among them, owned 41 condominium units for which maintenance assessments were delinquent. During the litigation, the suits were consolidated because Gulf Island had obtained title to all 41 units. The Association sought alternate remedies in its complaint, either foreclosure of the lien it had filed against each unit for the unpaid assessments, or a money judgment. There is nothing unusual in this methodology and chapter 718, the Condominium Act, contemplates this very procedure. See § 718.116(6)(a), Fla. Stat. (1997). Because of the varying amounts of equity in each unit, the Association elected to follow the path of lien foreclosure for certain units and sought a money judgment for amounts owed on the remaining units. Based on this election, the trial court entered two partial final judgments that together completely disposed of the case: one judgment foreclosed the liens on and ordered judicial sales of 22 units, and the other was a money judgment against Gulf Island for one sum, $ 53,593.49, that represented the aggregate of the unpaid assessments owed *65 on the remaining 19 units. Only the latter judgment is the subject of Gulf Island’s appeal.
Based on the Association’s pleadings, Gulf Island argues that the Association was not entitled to elect judgment of foreclosure on some of the delinquent units and seek a monetary judgment for the remaining assessments in the same action. Instead, it claims the final judgment must be foreclosure of all 44 liens or a money judgment for the total assessments owed on the 44 units, but not both. Gulf Island likens what happened in the trial court to a holder of a mortgage and a promissory note obtaining a judgment of foreclosure as to a portion of the note balance, with a money judgment for the remaining balance due on the note. We are not persuaded by this analogy because the unpaid assessments in this condominium are owed by virtue of ownership of separate parcels of real estate. Each unit in the condominium is assessed separately, and the owner of each unit is responsible for the assessment corresponding to that unit.
Although Gulf Island correctly observes that the pleadings do not specifically spell out that the Association might elect to seek foreclosure as to some units and a money judgment as to others, such relief is certainly not precluded by the language of the pleadings, inasmuch as the two avenues of relief are recognized alternatives. See § 718.116(6)(a); see also Mellor v. Goldberg, 658 So.2d 1162 (Fla. 2d DCA 1995); Gottschamer v. August, Thompson, Sherr, Clark & Shafer, P.C., 438 So.2d 408 (Fla. 2d DCA 1983). Therefore, we hold that the trial court did not err in allowing the Association to elect to have the liens foreclosed on certain units so that a money judgment might be entered on the remaining ones.
The trial court chose to aggregate the unpaid assessments of 19 units into one sum upon which it entered the final order. An unpaid judgment becomes a hen upon real property when a certified copy of the judgment is recorded. In this case, should Gulf Island wish to sell a unit, this judgment will likely be a cloud upon the title. To facilitate a future sale of a unit with this cloud on its title, Gulf Island could request the Association to exercise its discretion and ahow it to pay the charges due just for that unit or an amount eqüal to the equity in the unit and receive a partial satisfaction of judgment and a release of that particular unit from the judgment. Such action may be beneficial to all parties concerned.
Affirmed.
PATTERSON, C.J., and ALTENBERND and CASANUEVA, JJ„ Concur.