COPE, J.
(dissenting).
The question in this case is what state’s law applies to a note secured by a mortgage, where both instruments were executed simultaneously as part of the same transaction, and the mortgage contains a choice of law provision but the note does not. I conclude that the same choice of law applies to both.
Eugene and Christine Sims (“the borrowers”) are Florida residents who obtained a $50,000 loan in 1998. They executed a note and second mortgage which was placed on the borrowers’ Georgia real estate.[6] The borrowers signed the note and mortgage while traveling to New Jersey. The original lender was a California corporation and the payments were to be made to an address in California. The *363 appellee New Falls Corporation is the current holder of the note (“note holder”).
The borrowers failed to pay the first mortgage loan. The first lender foreclosed and the property was sold in 2000. The second mortgage was extinguished at that time. In 2001, the borrowers received a written demand and notice of acceleration of the principal balance of the $50,000 note.
In 2007, the note holder filed suit on the promissory note in Miami. The borrowers argued that Florida law applies to the note and that the suit is time-barred under Florida’s statute of limitations. The note holder argued that Georgia law applies and that the suit was timely because the applicable Georgia statute of limitations is six years. The trial court ruled that the suit was timely and entered summary judgment in favor of the note holder. The borrowers have appealed.
The note in this case is silent on the choice of law. The mortgage provided in substance that Georgia law governs.[7] The note states that it is secured by the mortgage and the mortgage states that it is given to secure the note.[8]
This court invited the views of the Real Property Probate & Trust Law Section of The Florida Bar on the legal issues presented, including the question why the FNMA/FHLMC note is silent on choice of law. The Federal National Mortgage Association (“FNMA”) and Federal Home Loan Mortgage Corp. (“FHLMC”) provided a letter to the Section which was included in its brief.[9]
The letter of FNMA/FHLMC to the Section explains:
To assist you in responding to the Court’s request for an explanation as to why the Note identified as FNMA/ FHLMC Uniform Instrument — Georgia Second Mortgage (the “Note”) is silent on choice of law while the Security Deed identified as FNMA/FHLMC Uniform Instrument — Georgia Second Mortgage (the “Security Deed”) contains a choice of law provision, we can provide some insight.
Thé choice of law provision in the Security Deed was inserted with the expectation that enforcement of the mortgage loan would occur through a foreclosure action in which the Note reflecting the indebtedness and the Security Deed reflecting the security for repayment of that indebtedness would be considered together as an integrated contract and that the choice of law provision in the Security Deed would govern the enforcement of the Note. We intended that if a suit to enforce the Note were maintained separately from an action to foreclose on the property under the terms of the Security Deed, the applicable law would be determined by the choice of law provisions of the forum jurisdiction.
The Section’s amicus brief states that “[t]he legal reason why the form promisso *364 ry note is silent as to choice of laws and does not incorporate by reference the terms of the security deed appears to be that the inclusion of such terms could affect the negotiable status of the note.” Holly Hill Acres, Ltd. v. Charter Bank of Gainesville, 314 So.2d 209, 211 (Fla. 2d DCA 1975); see also §§ 673.1041(l)(c), 673.1061(l)(b),(c), Fla. Stat. (1997).
The Section went on to say:
In sum, the Section cautions that in phrasing any ruling care be taken to avoid the implication that Florida judicially incorporates the terms of a security deed or mortgage into a note. This is because incorporation of the terms of the mortgage would arguably destroy the negotiability of promissory notes and open all foreclosure actions to otherwise barred collateral defenses. A reading of the note and security deed in pari-materia with one another, determining the “intent of the parties,” a ruling based on the application of Florida’s choice of law provisions, or on the difference between Fla. Stat. § 673.1181 and Ga. Stat. § 11-3-118(a), does not seem to have such far reaching implications.
(Emphasis added).
With the benefit of those observations I turn to the choice of law issue. The borrowers point out that Florida follows the doctrine of lex loci contractus, which holds that “in the absence of a contractual provision specifying governing law, a contract, other than one for performance of services, is governed by law of the state in which the contract was made.” Shaps v. Provident Life & Accident Ins. Co., 826 So.2d 250, 254 n. 3 (Fla.2002) (citation and internal quotation marks omitted). “For contract cases, lex loci contractus will determine the applicable statute of limitations.” Lanoue v. Rizk, 987 So.2d 724, 727 (Fla. 3d DCA 2008), review denied, 6 So.3d 52 (Fla. 2009); see also Lumbermens Mut. Cas. Co. v. August, 530 So.2d 293, 295 (Fla.1988); Johnson v. Allstate Ins. Co., 961 So.2d 1113, 1114 (Fla. 2d DCA 2007). If the Florida statute of limitations applies, the lawsuit is time-barred.
The lender argues that this case falls within the exception to the doctrine of lex loci contractus. The doctrine applies “in the absence of a contractual provision specifying governing Iaw[.]” Shaps, 826 So.2d at 254 n. 3. The lender contends that under the doctrine of mutual construction, the note and mortgage must be read in pari materia. The lender maintains that when so read, the conclusion is inescapable that Georgia law applies.
In my view, the lender is correct. The note and mortgage were executed at the same time and as part of the same transaction. They must be construed in pari materia.
“The doctrine of mutual construction, by which two documents executed by the same parties as part of a single transaction regarding the same subject matter must be read and construed together, applies to mortgages and the notes they secure.” 37 Fla. Jur. 2d Mortgages and Deeds of Trust § 94, at 216 (2004). The doctrine has been applied in Florida in the context of notes and mortgages for over a hundred years. See Jackson v. Parker, 153 Fla. 622, 15 So.2d 451, 459 (1943); Webster v. 759 Riverside Ave., Inc., 113 Fla. 8, 151 So. 276, 278-79 (1933); Oates v. Prudential Ins. Co. of Am., 107 Fla. 224, 144 So. 418, 421 (1932); Huggins v. Whitaker, 100 Fla. 600, 129 So. 857, 858 (1930); Graham v. Fitts, 53 Fla. 1046, 43 So. 512, 513-14 (1907); Sardon Found. v. New Horizons Serv. Dogs, Inc., 852 So.2d 416, 420 (Fla. 5th DCA 2003); Mellor v. Goldberg, 658 So.2d 1162, 1164 (Fla. 2d DCA 1995); Collins v. Citrus Nat’l Bank, 641 So.2d 458, 459 (Fla. 5th DCA 1994); Biersack v. Oaks Renting, *365 Inc., 606 So.2d 439, 442 (Fla. 2d DCA 1992); Stockman v. Burke, 305 So.2d 89, 90 (Fla. 2d DCA 1974); Policastro v. Rudt, 180 So.2d 472, 473 (Fla. 2d DCA 1965).
“[W]here a note evidencing a debt and a mortgage to secure its payment are executed at the same time in one transaction, and the mortgage refers to the note, they should be considered together in determining their meaning and effect.” Taylor v. Am. Nat’l Bank of Pensacola, 63 Fla. 631, 57 So. 678, 685 (1912) (internal quotation marks and citation omitted). The instruments are “construed together so that the intent of the parties can be determined and carried out.” Grier v. M.H.C. Realty Corp., 274 So.2d 21, 22 (1973).
While the doctrine of contemporaneous construction is a tool for contract interpretation, it in no way implies that the terms of the mortgage are incorporated into the note or vice versa. The Florida Supreme Court has said:
‘While it is true that, where a note evidencing a debt and a mortgage to secure its payment are executed at the same time in one transaction, and the mortgage refers to the note, they should be considered together in determining their meaning and effect, this does not mean or imply that the provisions of one of such instruments are to be imported bodily into the other. Considered together or construed together simply means that, if there be any provisions in one of such instruments limiting, explaining or otherwise affecting the provisions of the other, they will be given effect as between the parties themselves and all persons charged with notice, so that the intention of the parties may be carried out, and the entire agreement actually made in the contemporaneous transaction may be effectuated.’
Spadaro v. Baird, 97 Fla. 50, 119 So. 788, 790 (1929) (citation omitted) (emphasis added).[10]
Clearly the present case involved a Georgia transaction. The second mortgage was placed on Georgia real estate. Georgia intangible tax was paid on the mortgage document. The mortgage specified that Georgia law would apply. It is illogical to suppose that in specifying Georgia law, the parties intended two sets of laws to apply: Georgia law to a foreclosure suit and Florida law to a suit on the note.
Reading the two instruments together, I agree with the trial court that Georgia law applies to the note as well as the mortgage. That being so, summary judgment was correctly entered in favor of the note holder.

. The mortgage is entitled "SECURITY DEED” and bears the notation "GEORGIA— SECOND MORTGAGE — 1/80—FNMA/ FHLMC UNIFORM INSTRUMENT.” For ease of reference I will refer to it as the second mortgage.

. The mortgage states: "The state and local laws applicable to this Deed shall be the laws of the jurisdiction in which the Property is located.” The property is located in Georgia.

. The Note states:
5. THIS NOTE SECURED BY A DEED In addition to the protections given to
the Note Holder under this Note, a Security Deed, dated February 05, 1998, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note.
The mortgage states that it is given "TO SECURE to Lender the repayment of the indebtedness evidenced by the Note [dated February 5, 1998]....”

. I concur in expressing appreciation to the Section, FNMA, and FHLMC for expressing their views on the issue presented here.

. The fact that the note and mortgage make reference to each other is permissible and does not destroy the note's negotiability. Holly Hill Acres, 314 So.2d at 211 n. 4.