JOSEPH SPADARO and JOSIAH H. FITCH, jointly and severally, *Plaintiffs in Error*, v. J. W. BAIRD, as Trustee for JOHN C. HINKSON, MRS. L. M. STROUP, A. TUTTLE SMITH, MAMIE E. NICHOLSON, W. W. STONE, W. B. ROGERS, EMANUEL STERN, AUGUSTA STERN, WALTER S. TURNER, and J. W. BAIRD, *Defendant in Error*.

Division B.

Opinion filed January 28, 1929.

*Campbell & Campbell,* for Plaintiffs in Error.

*Clements, Clements & Craven,* for Defendant in Error.

BUFORD, J.—This case comes to the Supreme Court from a final judgment entered after a demurrer to pleas to an amended declaration had been sustained. The sole question presented by the record is whether or not the demurrers to the amended pleas should have been sustained.

The amended declaration is in one count and it may serve a useful purpose to set it out in full, which we do, in the following language:

Comes now J. W. Baird, as Trustee for John C. Hickson, Mrs. L. M. Stroup, A. Tuttle Smith, Mamie E. Nicholson, W. W. Stone, W. B. Rogers, Emanuel Stern, Augusta Stern, Walter S. Turner and J. W. Baird, plaintiff, by his undersigned attorneys, and with leave of the Court first had, files this his amended declaration and sues Joseph Spadaro and Josiah H. Fitch, non-residents of the State of Florida, temporarily sojourning in the County of Lee, State of Florida, defendants, jointly and severally, for that the defendants on the 3rd day of October, 1925, by their three (3) certain promissory notes, now overdue, as will hereinafter more fully appear, promised to pay to the plaintiff on or before the 3rd day of October, 1926,

the sum of Eleven Thousand ($11,000) Dollars with interest from date thereof at the rate of eight (8%) per cent per annum and all costs of collection including a reasonable attorney's fee; and on the 3rd day of October, 1927, the further sum of Six Thousand ($6,-000.00) Dollars, with interest from date thereof at the rate of eight (8%) per cent per annum and all costs of collection including a reasonable attorney's fee; and on the 3rd day of October, 1928, the further sum of Six Thousand ($6,000.00) Dollars with interest from date thereof at the rate of eight (8%) per annum and all costs of collection, including a reasonable attorney's fee, all of said notes being executed and deliverd in Lee County, Florida; and that said defendants, contemporaneously with the execution and delivery of said notes did execute and deliver to the plaintiff, a written instrument wherein and whereby said defendants agreed that if default should be made in the payment of said sum of money, or any part thereof, as provided in said promissory notes, or if the interest that may become due thereon, or any part thereof, should be due and unpaid for the space of thirty days, then and from thenceforth it should be optional with the plaintiff to consider the whole of said principal sum expressed in said promissory notes as due and payable. That one of said notes and interest on all of said notes became due and payable on the 3rd day of October, 1926; have remained unpaid for more than thirty days, and are now unpaid; that no part of said principal or interest, as provided in said notes, has been paid, and the plaintiff has exercised his option and has declared the whole of said principal and interest, as provided in said notes, to be due and payable. That the defendants have failed and refused to pay said principal sum and interest, as

evidenced by said notes, or any part thereof, although frequently requested so to do, and that it has become necessary and the plaintiff has employed attorneys to enforce the collection thereof. True and correct copies of said promissory notes are hereto attached, marked "Exhibit A", "Exhibit B", and "Exhibit C", respectively, and made a part of this declaration. A true and correct copy of said written instrument which was executed and delivered by the defendants contemporaneously with the execution and delivery of said promissory notes is hereto attached marked "Exhibit D" and made a part of this declaration.

WHEREFORE the plaintiff claims damages in the sum of Thirty Thousand ($30,000.00) Dollars, and therefore he brings this suit.

It will be observed that this declaration constitutes a declaration on a contract, which contract embraced three certain promissory notes and a mortgage to secure the same. The notes, except for difference in amount and due date as stated in the declaration were in the following form:

$11,000.00.          Fort Myers, Florida, Oct. 3, 1925.

On or before the third day of October, 1926, for value received, we jointly and severally promise to pay to J. W. Baird, as trustee for John C. Hickson, Mrs. L. M. Stroup, A. Tuttle Smith, Mamie E. Nicholson, W. W. Stone, W. B. Rogers, Emanuel Stern, Augusta Stern, Walter S. Turner, and J. W. Baird, or order, Eleven Thousand and no/100 ($11,000.00) Dollars with interest from date at eight (8%) per cent per annum, payable at the office of Bank of Fort Myers and Trust Co., Fort Myers, Florida, and all costs and a reasonable attorney's fee if placed in the hands of an attorney for collection. The makers and endorsers sev-

erally waive presentment for payment, protest and notice of protest and non-payment of this note.

JOSEPH SPADARO,
JOSIAH H. FITCH.

Secured by mortgage dated October 3, 1925, from makers of this note to J. W. Baird, as Trustee.

The accelerating clause contained in the mortgage under which the plaintiff claimed the right to declare the aggregate sum of the notes due and payable at and before the institution of suit was, and is, as follows:

And the said parties of the first part for themselves and their heirs, executors and administrators, do hereby promise, covenant and agree to pay unto the said party of the second part, his successors or assigns, the said sum of money and interest, as above mentioned and secured to be paid as aforesaid; and that if default should be made in the payment of the said sum of money, or any part thereof, as provided in the said promissory notes, or if the interest that may become due thereon, or any part thereof, shall be due and unpaid for the space of thirty days, then and from thenceforth, it shall be optional with the said party of the second part, his successors or assigns, to consider the whole of said principal sum expressed in said promissory notes as due and payable.

The pleas interposed were three in number. The first plea attempted to set up a failure of consideration, alleging in effect that the plaintiff for himself and his associates, as part of the consideration influencing the sale, had promised and agreed to sell the lands, the payment for which the notes and mortgages were given to secure, at a profit for the defendants within sixty (60) days after the purchase

by the defendants. That this plea sets up no defense is so elementary as to warrant no discussion.

The third plea attempts to set up the same defense as the first plea and the demurrer thereto was properly sustained.

The second plea was as follows:

That the said notes sued upon were given as a part of the purchase price of twenty-five (25) acres of land situated in Lee County, Florida, and more particularly described in the certified copy of mortgage attached to plaintiffs' declaration, and in accordance with contract entered into between the said J. W. Baird on behalf of himself and the other plaintiffs herein, made in the City of New York on the 2nd day of October, A. D. 1925, and that the said note marked ''Exhibit B'' to the plaintiffs' declaration, for the sum of $6,000.00 is not due and payable and, under the terms of said note, was not due and payable at the time of the institution of this suit, nor until the 3rd day of October, A. D. 1927; and that the said note for the sum of $6,000.00 marked ''Exhibit C'' to plaintiffs' declaration was not due at the time of the institution of this suit and is not now due, and is not due and payable until the 3rd day of October, A. D. 1928, and that under and by the contract entered into between the said J. W. Baird and these defendants in the City of New York on the 2nd day of October, A. D. 1925, said notes were not due and payable until the dates mentioned therein, to-wit: the 3rd day of October, A. D. 1927, and the 3rd day of October, A. D. 1928, and that the provision of the mortgage mentioned in the declaration ''and that if default should be made in the payment of the said sum of money or any part thereof, as provided in said promis-

sory notes, or if the interest that may become due there-
on, or any part thereof, shall be due and unpaid for a
space of thirty days, then and from thenceforth it shall
be optional with the said party of the second part, his
successors and assigns, to consider the whole of said
principal and sum expressed in said promissory notes
as due and payable'' was not intended by the parties
to make said notes subject to suit other than the fore-
closure of the mortgage attached to plaintiffs' declara-
tion, and made a part thereof, and that it was not the
intention of the parties in incorporating said provi-
sion in the mortgage to make said notes due and pay-
able at an earlier date than mentioned therein for
the purpose of permitting a common law action to be
based thereon, and that the plaintiffs should not main-
tain their action on said notes until such time as the
same are due.

It is to the order sustaining the demurrer to this plea
that counsel had addressed the burden of their argument
in this Court.

If the declaration had been one declaring on the notes
alone, the 2nd plea, as above quoted, would have been a
good plea, but the declaration is not so framed . The dec-
laration is framed on the theory that the notes and the
mortgage taken together constituted a contract between the
parties under which the makers thereof became obligated to
pay the payee and mortgagee therein named, their heirs and
assigns, certain monies under certain conditions for a
valuable consideration had and received. The suit is be-
tween the original parties to the contract. The parties to
the contract had the right to contract and agree as they
saw fit and the language appearing in the several notes and
the language appearing in the mortgage shows beyond ques-

tion that the notes and the mortgage constituted one contract between the parties and in that contract the obligors hereof included the provision above quoted from the mortgage and in that provision they stipulated and agreed that if default should be made in the payment of the said sum of money (referring to the sum of $23,000.00 evidenced by the three certain promissory notes which had theretofore been mentioned in the said mortgage) or any part thereof, as provided in the said promissory notes, or if the interest that became due thereon, or any part thereof, should be due and unpaid for the space of thirty (30) days then and from thenceforth, it should be optional with the mortgagor, his successors and assigns, to consider the whole of said principal sum expressed in the said promissory notes as due and payable.

Now, it is clear that the contracting parties intended by this stipulation to provide that the aggregate amount of the three notes should become due and payable at the option of the holder thereof in the event that any one of said notes or the interest thereon should remain unpaid for a period of thirty days after the same became due and payable under the terms and conditions expressed in such note.

We do not think that it is necessary to go beyond the opinions of this Court to find authority for holding that the effect of the stipulation referred to in the mortgage was to accelerate the maturity of the notes under the conditions named in the acceleration clause heretofore quoted. In Taylor et al. v. American National Bank of Pensacola, Fla. 63 Fla. 631, 57 So. R. 678, this Court say:

While it is true that, where a note evidencing a debt and a mortgage to secure its payment are executed at the same time in one transaction, and the mortgage refers to the note, they should be considered together in

determining their meaning and effect, this does not mean or imply that the provisions of one of such instruments are to be imported bodily into the other. Considered together or construed together simply means that, if there be any provisions in one of such instruments limiting, explaining or otherwise affecting the provisions of the other, they will be given effect as between the parties themselves and all persons charged with notice, so that the intention of the parties may be carried out, and the entire agreement actually made in the contemporaneous transaction may be effectuated.

The enunciation here expressed applies to the case now before us as this suit is one between the parties to the contract. We might quote with approval from other courts sustaining the rule above enunciated notable among which is that in the case of Chambers v. Marks, 93 Ala. 412, 9 So. R. 74, in which Mr. Justice CLOPTON clearly expressed the rule applicable to such cases, but we can discern no good purpose to be served by further extending this opinion. See also Wilson v. Kirchan, 255 Pac. R. 368.

We find no error in the judgment of the court below and, therefor, same should be affirmed and it is so ordered.

Affirmed.

WHITFIELD, P. J. AND STRUM, J., concur.

TERRELL, C. J. AND ELLIS AND BROWN, JJ.. concur in the opinion and judgment.