ANNE OLIVE ERWIN and C. E. GARRETT v. R. H. CRANDALL.

175 So. 862.

Division A.

Opinion Filed July 31, 1937.

*Mitchell D. Price & Charles W. Zaring,* for Plaintiffs in Error;

*Blakley & Quinan* and *Loftin, Stokes & Calkins,* for Defendant in Error.

BUFORD, J.—Defendant in error sued the plaintiff in error in the Circuit Court in and for Dade County. The declaration was in two counts. The first count declared as endorsee of three certain promissory notes in the sum of $5,000.00 each, not then matured, and relied upon the acceleration clause contained in a mortgage made by the makers of the notes to secure the payment of these notes and another in like amount then past due and unpaid to accelerate the maturity of the said three notes and because of which plaintiff alleged the exercise of the right created by such acceleration to prosecute the suit to enforce payment of the principal, interest, attorney's fees and costs incident thereto.

The second count declared as endorsee of one note of a series of four in the sum of $5000.00, which was alleged to have been then past due and unpaid.

Each of such notes, as shown by the copies thereof attached to the declaration, were made by S. Dubbin under seal and were payable to Anne Olive Erwin and Leona Belle Garrett, and were each endorsed on the back thereof respectively:

"Anne Olive Erwin,          "Semi-annual interest paid
"Leona Belle Garrett,              December 15th, 1925
"C. E. Garrett
"R. H. Crandall."

The mortgage given to secure the said notes contained the following clause:

"If any of said sums of money herein referred to be not promptly and fully paid within 30 days next after the same severally become due and payable, or if each and every the stipulations, agreements, conditions and covenants of said promissory notes and this deed, or either, are not fully performed, complied with and abided by, the said aggregate sum mentioned in said promissory notes shall become due and payable forthwith or thereafter at the option of the mortgagees, their heirs, legal representatives or assigns, as fully and completely as if the said aggregate sum of *Twenty thousand* dollars was originally stipulated to be paid on such day, anything in said promissory notes or herein to the contrary notwithstanding."

The mortgage was assigned to R. H. Crandall on the ____day of July, 1925.

Demurrer to declaration was interposed and overruled.

Defendant Anne Olive Erwin filed pleas to the declaration to which demurrers were sustained. Defendant de-

clining to plead further, judgment was entered in favor of plaintiff and defendant took writ of error.

The declaration is one wherein the plaintiff sued as endorsee. Sub-Sec. 14 of Sec. 2648 R. G. S., 4314 C. G. L. The question which we are required to determine is:

"May an alleged oral agreement that the indorsee would not hold the indorser liable on her indorsement be properly pleaded, in an action on the indorsement, because the declaration, after alleging the execution of the note by the maker to the payee, alleges that the note 'was indorsed to the plaintiff' by the payee, without expressly alleging that the note was also 'delivered' to the plaintiff, and because the plea alleges that the mortgage securing the payment of the note was assigned to the plaintiff and the assignment recites that the mortgage indebtedness was also assigned to the plaintiff?"

The form of declaration prescribed by the statute, *supra,* in suit by endorsee against endorser of note does not require allegation of deilvery, because delivery is implicit in endorsement. 8 C. J. 873, and cases there cited. Non delivery may be pleaded. In this case delivery was not denied.

Section 4705 R. G. S., 6791 C. G. L., provided:

"INDORSEMENT.—The indorsement must be written on the instrument itself or upon a paper attached thereto. The signature of the indorser, without additional words, is a sufficient indorsement."

. Section 4712 R. G. S., 6798 C. G. L., prescribes the manner in which indorsement may be qualified.

Section 4739 R. G. S., 6825 C. G. L., and Section 4742 R. G. S., 6828 C. G. L., fix the liability of the endorser in the following language:

· "6825. (4739) WHO DEEMED AN INDORSER.—A person placing his signature upon an instrument otherwise than as maker, drawer or acceptor is deemed to be an indorser,

unless he clearly indicates by appropriate words his intention to be bound in some other capacity."

"6828. (4742.) INDORSING WITHOUT QUALIFICATION.— Every indorser who indorses without qualification, warrants to all subsequent holders in due course:

"1. The matters and things mentioned in subdivisions one, two and three of the next preceding section; and

"2. That the instrument is at the time of his indorsement valid and subsisting.

"And, in addition, he engages that on due presentment, it shall be accepted or paid, or both, as the case may be, according to its tenor and that if it be dishonored and the necessary proceedings on dishonor be duly taken, he will pay the amount thereof to the holder, or to any subsequent indorser who may be compelled to pay it."

Parol evidence is not admissible to show that one whose status is fixed by statute as that of an endorser occupies some contrary status. See Baumeister v. Kuntz, 53 Fla. 340, 42 So. 886; Fannin v. Fritter, 127 Fla. 97, 172 So. 691.

That the owner and holder of a note may rely upon acceleration clause contained in the mortgage given to secure the payment of the note to accelerate the maturity of the note is well settled. Spadaro v. Baird, 97 Fla. 50, 119 So. 788. This is true although the note and mortgage are separate and distinct agreements and only may be acquired by endorsement and the other by assignment. See Taylor v. American National Bank of Pensacola, 63 Fla. 631, 57 So. 678.

We find no reversible error reflected in the record and therefore the judgment should be and is

Affirmed.

So ordered.

ELLIS, C. J., and TERRELL, BROWN and CHAPMAN, J. J., concur.