HORTON, Judge.
The appellants were defendants below and seek review of an adverse final judgment in an action on a promissory note.
In November, 1961, the appellants executed a promissory note payable to the ap-pellees in the amount of $30,000. By its terms, the note was payable in monthly installments of $750 commencing on December 1, 1962. Simultaneously with the execution and delivery of the note, the appellants agreed, in a separate instrument, to furnish to the appellees certain security in the form of a mortgage upon the Wedge-wood Apartments or “some other form of satisfactory security on or before March 15, 1962. * * * ” The agreement further provided that unless the promised security was forthcoming, the appellees, at their option, could decelerate the promissory note and demand its full payment immediately.[1] *114 The appellees alleged that the security had not been tendered as required by the letter agreement of November 6, 1961, and that they had, under the terms of said agreement, accelerated the note, notified the appellants, and demanded full payment, which demand had been refused. They claimed the full amount of the note as well as reasonable attorneys’ fees.- The appellants answered admitting execution of the note and agreement, but denying that security had not been furnished or that the agreement required the furnishing of security satisfactory to appellees. They denied that there was a default in the performance of the note. After several depositions had been taken, the appellees moved for summary judgment and upon hearing, the summary judgment was granted against the appellants. The cause then proceeded to trial before a jury upon the sole issue of attorneys’ fees resulting in a verdict favorable to the appellees. The court then rendered a final judgment for the appellees in the principal amount of the note, plus interest, costs and attorneys’ fees. This appeal followed.
The appellants contend (1) that under the provisions of the November 6, 1961, agreement, the appellees were not entitled to arbitrarily reject the security offered; (2) that the agreed security, after negotiations between the parties, was tendered several days after the due date and that thereby the ap-pellees should be estopped from accelerating the note; and (3) that the action was prematurely filed because by the terms of the note payments were not in default, and further that the acceleration provided for in the agreement could not be used as a basis for accelerating the sums due under the promissory note. We fail to find merit in any of the appellants’ contentions and affirm the judgment appealed.
The motion for summary judgment relied upon the depositions to which were attached certain instruments identified by the respective witnesses during the course of their testimony. These depositions, together with the accompanying instruments, demonstrated that the appellants had failed to live up to the agreement of November 6, 1961. It is contended by the appellants that they had tendered a mortgage which had been agreed upon between the parties as collateral security for the promissory note. Neither the agreement of November 6, 1961, nor the depositions supports the appellants’ contention that the parties had agreed upon specific collateral. In any event, when the agreement as a whole is considered, it becomes apparent that the appellants agreed to furnish collateral that was “good and sufficient to the satisfaction of your [appellees’] attorneys. * * * ” This they failed to do and it does not appear that the rejection of the collateral tendered was arbitrary or unreasonable.
As to the appellants’ argument that the appellees were estopped by their conduct from accelerating the sums due under the note, suffice it to say that the testimony given by deposition of the witnesses together with the instruments identified by these witnesses, is sufficient to affirmatively establish that no waiver or estoppel existed or should be invoked against the appellees. After March IS, 1962, the deadline for the tender of satisfactory security, counsel for *115 the appellees suggested by letter that they would consider submitting to the appellees any security which the appellants wished to offer, but only upon the understanding that it would not be binding upon the ap-pellees to reinstate the note, nor would it be considered as a waiver of the appellees’ right to accelerate and demand the full amount of the note which they had already done by written notice. It was then that the appellants tendered a mortgage on the Wedgewood Apartments executed by a corporation directly to the appellees to secure a debt which admittedly the corporation did not owe. The argument of waiver and estoppel we conclude is without merit.
The appellants argue that since the payments due by the terms of the note were not in default at the time of the alleged acceleration and demand for full payment, that the suit was prematurely brought, or alternatively, that the terms of the agreement permitting an acceleration of the note in the event of failure to tender satisfactory security could not be used as a vehicle to accelerate the debt due under the terms of the promissory note. Since the promissory note and agreement were executed simultaneously as part of a single transaction, we conclude that this contention of appellants is adequately answered in Erwin v. Crandall, 129 Fla. 45, 175 So. 862, where the Supreme Court of this state said:
“That the owner and holder of a note may rely upon acceleration clause contained in the mortgage given to secure the payment of the note to accelerate the maturity of the note is well settled. Spadaro v. Baird, 97 Fla. 50, 119 So. 788. This is true although the note and mortgage are separate and distinct agreements and only may be acquired by indorsement and the other by assignment. See Taylor v. American National Bank of Pensacola, 63 Fla. 631, 57 So. 678, Ann.Cas.1914A, 309.”
In view of our decision on the other points raised, we deem it unnecessary to discuss the appellants’ contention that the court erred in refusing certain proffered testimony at the jury trial.
Accordingly, the judgment appealed is affirmed.
Affirmed.

. From letter agreement of November 6, 1961:
“3. On or before March 15, 1962, we hereby agree to carry out our obligations as set forth in said letter dated March 24, 1961, hy furnishing you roith security for said promissory note, which security shall he good and suf *114 ficient to the satisfaction of your attorneys, and in accordance with said letter.
“4. If we fail to furnish you with the said, security, to-ioit: the mortgage which toe had agreed upon on the Wedgewood Apartments, 6905-6921 Rue Vendóme, Normally Isle, or some other form of satisfactory security, on or before March 15, 1962, then at your option, the promissory note which we are handing you herewith may he accelerated and become immediately due and payable in full. It is understood, of course, that we will place no further encumbrances upon the said property, and that no further encumbrances have been placed thereon since April 20, 1961.” [Emphasis supplied]