## GRIER v. M.H.C. REALTY CORP., et al.
### No. 72C 2306.
Circuit Court, Fifteenth Judicial Circuit.
September 19, 1972.

Scott, Burk & Royce, Palm Beach, for the plaintiff.

George H. Bailey of Jones, Paine & Foster, West Palm Beach, for the defendants.

JAMES C. DOWNEY, Circuit Judge.

This cause came on to be heard upon plaintiff's motion for summary judgment and defendants' motion for partial summary judgment.

The pleadings and affidavits on file in the cause reflect that plaintiff sold stock in certain corporations to defendant, M.H.C. Realty Corporation, for which said defendant executed a promis-

sory note in the amount of $577,316.81. The defendant, Mobile Home Communities, guaranteed said note. The note was secured by a mortgage on real property.

The promissory note contained a provision for acceleration of the entire indebtedness in the event of default in the payment of any sum due under the note or any mortgage securing the note. The mortgage executed simultaneously with the note provided for acceleration of the entire debt if any sums were not paid within 30 days after they became due, "anything in said note or herein to the contrary notwithstanding".

Defendant failed to make the installment payment of $5,773.17 due April 14, 1972, but tendered the payment on April 27, 1972. However, on April 25th, 1972, plaintiff filed this suit on the note, asserting he had accelerated the entire note due to the default on April 14, 1972.

Plaintiff contends in suing on the note, as opposed to foreclosing the mortgage, he is not bound by the provision of the mortgage requiring default for thirty days before the entire indebtedness can be accelerated. Defendant, on the other hand, maintains that the two instruments were part of the same transaction, executed simultaneously, and must be construed together to determine the intention of the parties. They readily concede plaintiff is entitled to a judgment for the installment due and for interest and attorney's fees.

There does not appear to be any genuine issue of fact with regard to the acceleration rights of the plaintiff. When these two instruments are construed together, as they should be, Spadaro v. Baird, 119 So. 788; Webster v. 759 Riverside Ave., 151 So. 276; Oates v. Prudential Ins. Co., 144 So. 418; 4A Fla. Jur., *Bills, notes, etc.*, §58; Erwin v. Crandell, 175 So. 862; §673.3-119, F.S., it seems clear the provision of the mortgage controls the provision of the note relative to acceleration since the mortgage specifically provides "anything in said note or herein to the contrary notwithstanding".

Unquestionably, plaintiff can sue on the note without foreclosing the mortgage, as they are distinct agreements, Taylor v. American National Bank, 57 So. 678. But where there are provisions in two instruments, simultaneously executed and pertaining to the same transaction, which limit, explain or otherwise affect the provisions of the other, they should be construed together so that the intent of the parties can be determined and carried out. Taylor v. American National Bank, supra.

On this record the defendants are entitled to a partial summary judgment. Having conceded that plaintiff is entitled to a judgment for the past due installment plus attorney's fees, plaintiff also is entitled to a partial summary judgment.

It is thereupon ordered and adjudged that defendants' motion for partial summary judgment is granted on the issue of plaintiff's right to accelerate the entire balance due on the note in question.

It is further ordered and adjudged that plaintiff's motion for summary judgment is granted and plaintiff shall recover the amount of the past due installment of principal, together with interest thereon, attorney's fees and costs. Upon the presentation of adequate proof as to the amounts thereof, final judgment will be entered for plaintiff.