274 So.2d 21 (1973)
Robert W. GRIER, Appellant,
v.
M.H.C. REALTY CORPORATION, a Colorado Corporation Authorized to Do Business in the State of Florida, and Mobile Home Communities, a Colorado Trust, Appellees.
No. 72-947.
District Court of Appeal of Florida, Fourth District.
March 8, 1973.
*22 Richard B. Burk, of Scott, Burk & Royce, Palm Beach, for appellant.
George H. Bailey, of Jones, Paine & Foster, West Palm Beach, and Thomas S. Nichols, of Davis, Graham & Stubbs, Denver, Colorado, for appellees.
PER CURIAM.
We have reviewed the briefs and record on appeal and heard oral argument. We are of the opinion that the trial court correctly construed the note and mortgage in question and quote with approval the following language contained in the final judgment:
"There does not appear to be any genuine issue of fact with regard to the acceleration rights of the plaintiff. When these two instruments are construed together, as they should be, Spadaro v. Baird [97 Fla. 50], 119 So. 788; Webster v. 759 Riverside Ave. [113 Fla. 8], 151 So. 276; Oates v. Prudential Ins. Co. [107 Fla. 224], 144 So. 418; 4A Fla.Jur., Bills, notes, etc., Sec. 58; Erwin v. Crandell [Crandall] [129 Fla. 45], 175 So. 862; Sec. 673.3-119 FSA, it seems clear the provision of the mortgage controls the provision of the note relative to acceleration since the mortgage specifically provides `anything in said note or herein to the contrary notwithstanding'.
"Unquestionably, plaintiff can sue on the note without foreclosing the mortgage, as they are distinct agreements, Taylor v. American National Bank [63 Fla. 631], 57 So. 678. But where there are provisions in two instruments, simultaneously executed and pertaining to the same transaction, which limit, explain or otherwise affect the provisions of the other, they should be construed together so that the intent of the parties can be determined and carried out. Taylor v. American National Bank, ..."
See also Mager v. Abrams, Fla.App. 1958, 109 So.2d 386.
Accordingly, the judgment of the trial court is affirmed.
WALDEN, CROSS and MAGER, JJ., concur.