HUBBART, Judge.
This is a mortgage foreclosure action in which the trial court entered a final judgment of foreclosure against the mortgagor and awarded attorneys fees against the mortgagor and a third party. The party who was not a signator to the mortgage appeals the award of attorneys fees contending that he was under no legal-obligation to pay for such fees. We agree and reverse.
I
On December 17, 1973, Sol W. Meyerson [defendant-appellant] entered into an agreement of purchase, sale and development with Alan B. Cohen [plaintiff-appel-lee], Under the terms of the agreement, Cohen agreed to buy certain property for $100,000 from Meyerson with a right to rescind the purchase within six months after closing on the property, at which time Meyerson would refund the $100,000 to Cohen. To secure this $100,000 obligation as well as other obligations undertaken by Meyerson under the agreement, a mortgage was simultaneously executed on the same day by the International Center of the Americas, Inc., as the mortgagor corporation which was signed by Sol W. Meyerson as the president of the corporation. The mortgagee on the mortgage was Cohen.
Subsequent to the purchase and closing on the property sold by the agreement, Cohen elected to rescind the agreement within the requisite six month period. Meyerson was unable to refund the $100,-000 to Cohen as required by the agreement. Cohen thereupon filed a complaint to foreclose the mortgage before the Circuit Court *931 of the Eleventh Judicial Circuit of Florida. The trial court after a full hearing ordered the foreclosure of the mortgage and awarded attorney’s fees against the International Center of the Americas, Inc. and Sol Meyer-son. This appeal by Meyerson follows directed solely to the award of the attorney’s fees.
II
The law is clear that an “allowance of attorneys’ fees is in derogation of common law and may be awarded a litigant only if provided by contract or statute.” Stone v. Jeffres, 208 So.2d 827, 828-29 (Fla. 1968). See Rivera v. Deauville Hotel, 277 So.2d 265, 266 (Fla.1973). There is no statute authorizing the award of attorney’s fees in mortgage foreclosure actions. Consequently, the issue involved in this case is whether the agreement of purchase, sale and development as well as the mortgage agreement legally obligates, Sol Meyerson to pay attorneys fees in the event of a successful foreclosure on the mortgage.
The purchase and sale agreement signed by Cohen and Meyerson contains no provision for the award of attorneys fees in the event it should become necessary to foreclose the mortgage for a breach of the agreement. The agreement provides for the award of attorneys fees only in the event of a court action to enforce a covenant not to compete,[1] which covenant is not relevant here.
The mortgage contains a provision for an award of attorney fees in the event of a successful mortgage foreclosure action[2] which of necessity binds the party signators to the mortgage. Sol Meyerson signed the mortgage but in a representative capacity as president of International Center of Americas, Inc. The corporate entity was thereby bound under the terms of the mortgage to pay attorneys fees to Cohen upon a successful mortgage foreclosure, but Meyerson was not so bound because he was not an individual signator of the mortgage. E. I. Du Pont De Nemours & Co. v. Barge Carrier, Inc., 55 F.Supp. 728 (S.D. Fla. 1944).
In an effort to attach individual liability against Meyerson on the attorneys fees, Cohen argues that the mortgage provision for attorneys fees is incorporated into the purchase and sale agreement which Meyerson signed. We cannot agree. There is no language in the purchase and sale agreement which evinces the slightest intent to incorporate any of the provisions of the mortgage agreement and Cohen cites us to none. In the absence of such contractual provision, there is no way by which Sol Meyerson can become individually bound on any of the terms of the mortgage agreement.
Cohen does refer us to a provision in the mortgage which he contends incorporates the purchase and sale agreement.[3] The tri *932 al court apparently accepted this contention in making its award of attorneys fees against Meyerson individually. Such a contention, however, is to no avail because even if true, Meyerson would still not be bound by the terms of the mortgage regardless of whether the mortgage incorporated the purchase and sale agreement or not. The plain fact is that Sol Meyerson is bound only by the terms of the purchase and sale agreement; and this agreement neither contains a provision for the award of attorneys fees in the event of a successful mortgage foreclosure nor incorporates any of the provisions of the mortgage. We, therefore, hold that Sol Meyerson is not legally obligated by statute or contract to pay attorneys fees in the event of a successful mortgage foreclosure on the property involved in this case. See Spadaro v. Baird, 97 Fla. 50, 119 So. 788 (1929).
The final judgment of mortgage foreclosure is affirmed; the order awarding attorneys fees against the International Center of the Americas, Inc. is affirmed; the order awarding attorneys fees against Sol Meyer-son is reversed.

. “The parties make the following mutual covenants to each other: . . . (c) Neither Party shall own any interest in, or perform any services whatsoever for, any project or enterprise that would compete with any of the developments contemplated if the competitive project or enterprise is located within twenty miles of the project herein planned with which it would be competitive; however, with respect to the rental of office, factory and warehouse space in the Miami Fashion District developments, this restriction shall not apply if the Party advises prospective tenants of space available therein and shows it to them. The Parties agree that remedies at law would be inadequate enforcement of this covenant, and that this covenant may be enforced specifically, in addition to the award of damages and of costs and legal fees incurred in the successful enforcement thereof.” [Emphasis added].

. “And the said Mortgagor, for itself and its successors, legal representatives and assigns, hereby covenant and agree: . . . 3. To pay all and singular the costs, charges, and expenses, including lawyer’s fees, reasonably incurred or paid at any time by said Mortgagee his legal representatives or assigns, because of the failure on the part of the said Mortgagor, its successors, legal representatives or assigns, to perform, comply with and abide by each and every the stipulations, agreements, conditions, and covenants of said promissory note and this deed, or either, and every such payment shall bear interest from date at the rate of 6 percent, per annum.” [Emphasis added].

. “This mortgage is to secure a contingent obligation pursuant to a certain agreement between SOL W. MEYERSON and ALAN B. CO *932 HEN dated December 17, 1973, more particularly set forth in paragraphs 7(f) and 8 of the said Agreement of Purchase, Sale and Development, said obligation being herein referred to as ‘note.’ ”