JORGENSON, Judge.
Casino Español de la Habana [Casino] appeals from an order of final summary judgment. We affirm.
In June, 1988, Casino executed a purchase-money promissory note for $850,000 in favor of Bussel. The note was secured by a purchase-money mortgage. The note provided for a prepayment discount and also provided for acceleration upon the debtor’s default. Casino defaulted in April, *1314 1989. Bussel sued on the note, electing to accelerate payment of the entire amount and to foreclose on the mortgage.
Casino filed an answer and affirmative defenses. Thereafter, Casino contracted to sell the property to a third party, with the condition precedent that the buyer satisfy the purchase-money mortgage held by Bus-sel. Casino then advised Bussel that it was prepared to pay her the amount due on the note but claimed that it was entitled to a prepayment discount. Casino filed a counterclaim in the foreclosure action seeking a declaration that it was entitled to the discount. The parties entered into a stipulation, pursuant to which Bussel received the amount due on the promissory note with no deduction for a prepayment discount; Casino conveyed the property to its buyer; Bussel dismissed her complaint; and Casino reserved its right to seek to recover the $150,000 prepayment discount. Bussel moved for summary judgment on Casino's counterclaim. The trial court entered summary judgment in favor of Bussel, finding that, based upon General Motors Acceptance Corp. v. Uresti, 553 S.W.2d 660 (Tex.App.1977), Casino was not entitled to a prepayment discount. We agree.
When a lender elects to accelerate payment on a note, the lender accelerates the maturity of the note itself. Erwin v. Crandall, 129 Fla. 45, 175 So. 862, 863 (1937). When Casino defaulted and Bussel sued to recover the entire amount due under the note, the maturity date of the note accelerated to the present — the date of default and the notice. Upon acceleration, it became impossible to prepay the note, as the date of maturity had already passed. “ ‘Prepayment’ is a payment before maturity. ‘Acceleration’ is a change in the date of maturity from the future to the present_ Once the maturity date is accelerated to the present, it is no longer possible to prepay the debt before maturity. Any payment made after acceleration of the maturity date is made after maturity, not before.” General Motors Acceptance Corp. v. Uresti, 553 S.W.2d 660, 663 (Tex.App.1977) (emphasis in original) (citations omitted).
Relying on Florida Nat’l Bank of Miami v. Bankatlantic, 557 So.2d 596 (Fla. 4th DCA 1990), Casino argues that denial of a prepayment discount would amount to imposition of a prepayment penalty. We disagree. In Bankatlantic, the fourth district held that a borrower who intentionally defaults specifically to avoid a prepayment penalty may still be liable for that prepayment penalty when the lender accelerates. The court reasoned that “a party to a contract should not profit from his own intentional default.” 557 So.2d at 59$. Ban-katlantic has no bearing on this case. A prepayment penalty like the one at issue in Bankatlantic is compensation, in the form of liquidated damages, for a lender’s bargained-for consideration that its money would receive a set return for a given length of time. Century Fed. Sav. & Loan Ass’n v. Madorsky, 353 So.2d 868 (Fla. 1st DCA 1977). The penalty is a charge imposed upon prepayment that would not be imposed if the note were paid at its maturity date. Goldman v. First Fed. Sav. & Loan Ass’n of Wilmette, 518 F.2d 1247 (7th Cir.1975). Because the lender accelerated the note, Casino actually paid the balance of the note after it matured. There was no prepayment; therefore, neither a prepayment discount nor a prepayment penalty[1] was available.
Finding no error in the trial court’s entry of the order on appeal, we
AFFIRM.

. The note did not provide for a prepayment penalty.