Dear Mr. Bridges:
On behalf of the Code Enforcement Board of the City of Layton, Florida, you have asked for my opinion on substantially the following questions:
1. Do the provisions of section 162.07(2), Florida Statutes, which permit the recovery of all costs incurred by a municipality in prosecuting a violator before a code enforcement board, authorize the code enforcement board to award attorney's fees to the municipality for attorney's fees incurred in such a prosecution?
2. Under section 162.07(2), Florida Statutes, is a code enforcement board authorized to award a municipality which prevails in a code enforcement case the attorney's fees it pays on behalf of the code enforcement board for the board's attorney when the board's attorney represents only the board and does not prosecute the violator on behalf of the municipality, but advises the board during the prosecution?
In sum:
The provisions of section 162.07(2), Florida Statutes, which authorize the recovery of all costs incurred by a municipality in prosecuting a violator before a code enforcement board would not authorize the board to award attorney's fees to the municipality for attorney's fees incurred in such a prosecution whether those fees are incurred directly or indirectly.
You have advised this office that you represent the Code Enforcement Board of the City of Layton, Florida. Recently, the city, which has its own attorney, successfully prosecuted a party before the board. Pursuant to section 162.07(2), Florida Statutes, and a local ordinance which tracks the language of the statute, the city now seeks to recover all costs from the prosecuted party and to include attorney's fees within the scope of those costs. The city has requested that the board award attorney's fees as part of the costs of prosecution of this action. In addition, the city pays certain expenses of the board, including the fees of the board's attorney. The board's attorney does not represent the city in code enforcement cases, but merely advises the board. Since the city ultimately pays the board's attorney's fees, the city seeks to include these fees as costs taxed to the party it prosecuted. Because your questions are related, they will be discussed together.
Part I, Chapter 162, Florida Statutes, is known as the Local Government Code Enforcement Boards Act.[1] Section 162.07(2), Florida Statutes, provides that:
"Each case before an enforcement board shall be presented by the local governing body attorney or by a member of the administrative staff of the local governing body. If the local governing body prevails in prosecutinga case before the enforcement board, it shall be entitled to recover allcosts incurred in prosecuting the case before the board and such costsmay be included in the lien authorized under s. 162.09(3)." (e.s.)
The language italicized above represents an amendment to section162.07(2), Florida Statutes, made by the Legislature in 1994.[2] The effect of this 1994 amendment was considered in Attorney General Opinion 95-09 which concluded that "section 162.07(2), Florida Statutes, authorizes the imposition of those costs that are determined from the evidence presented to have been incurred by the local governing body in prosecuting the specific case before the board." Thus, this office has recognized that the statute authorizes the recovery of the costs of the local governing body in prosecuting the particular case.
While the term "costs" is not defined for purposes of the statute, the term is commonly understood in the legal sense to mean "[t]he charges or fees taxed by the court, such as filing fees, jury fees, courthouse fees, and reporter fees."[3] As is noted in Black's Law Dictionary, "[s]ome but not all states allow parties to claim attorney's fees as a litigation cost."[4]
Florida follows the "American Rule" under which attorney's fees are awarded only when permitted by a statute or contract.[5] The ability to collect attorney's fees from an opposing party, as well as the obligation to pay such fees, is substantive in nature.[6] An allowance of attorney's fees is in derogation of the common law and may be made only if provided by contract or statute.[7] Attorney's fees must be expressly authorized and are not allowed by implication.[8] Further, under Florida law, statutes allowing for the award of attorney's fees should be strictly construed.[9] Thus, Florida law distinguishes "costs" from "attorney's fees" and a statutory reference to costs may not be read to include attorney's fees in the absence of a specific reference.[10]
Finally, I would note that a review of the legislative history for Chapter 94-291, Laws of Florida, does not provide any evidence that the Legislature intended an abrogation of the Florida rule requiring that a statutory allowance for costs of prosecution does not include attorney's fees unless specifically provided.[11]
Therefore, it is my opinion that the provisions of section 162.07(2), Florida Statutes, which authorize the recovery of all costs incurred by a municipality in prosecuting a violator before a code enforcement board, do not authorize a code enforcement board to award attorney's fees to a municipality for attorney's fees incurred in such a prosecution whether those fees are incurred directly or indirectly.
Sincerely,
 Bill McCollum Attorney General
BM/tgh
[1] See s. 162.01, Fla. Stat., for the short title of the act.
[2] See s. 3, Ch. 94-291, Laws of Fla.
[3] See Black's Law Dictionary cost p. 372. (8th edition).
[4] Id.
[5] See, e.g., Johnson Enterprises of Jacksonville, Inc. v. FPL Group,Inc., 162 F.3d 1290 (11th Cir. 1998); Dade County v. Pena, 664 So. 2d 959
(Fla. 1995).
[6] See Bitterman v. Bitterman, 714 So. 2d 356 (Fla. 1998), cert.denied, 119 S. Ct. 1133, 525 U.S. 1187, 143 L.Ed.2d 126 (1999), rehearingdenied 119 S.Ct. 1492, 526 U.S. 1082, 143 L.Ed.2d 574 (1999).
[7] See Meyerson v. Cohen, 348 So. 2d 930 (Fla. 3d DCA 1977).
[8] 20 C.J.S. Costs s. 125; Frymer v. Brettschneider, 710 So. 2d 10
(Fla. 4th DCA 1998).
[9] See, e.g., Insurance Company of North America v. Lexow, 937 F.2d 569
(11th Cir. 1991), certified question answered 602 So. 2d 528 (Fla. 1992), answer to certified question conformed to 980 F.2d 704 (11th Cir. 1993); Dade County v. Pena, 664 So. 2d 959 (Fla. 1995).
[10] Compare, e.g., s. 120.595(1)(b), Fla. Stat., requiring the final order in an administrative proceeding to award "reasonable costs and a reasonable attorney's fee to the prevailing party;" and s. 720.3035(4), Fla. Stat., authorizing the recovery of damages, "costs and reasonable attorney's fees" for an adversely affected parcel owner; with the language of s. 162.07(2), Fla. Stat.
[11] See, e.g., Senate Staff Analysis and Economic Impact Statements of CS/SB 304 dated 3/10/94, 2/16/94, and 2/14/94; Final Bill Analysis Economic Impact Statement on CS/HB 693, House of Representatives Committee on Community Affairs, dated 4/15/94 (this was a companion bill to SB 304).