CARROLL, DONALD K., Judge.
The defendants in an accounting suit Lave filed an interlocutory appeal from an •order entered by the Circuit Court for Du-val County granting the plaintiff’s motion to strike certain portions of their answer to the complaint. The crux of the question before us for determination is whether the chancellor correctly struck the allegations in those portions of the defendants’ answer because they were not susceptible of proof without violating the parol evidence rule.
The essential allegations of the plaintiff-appellee’s complaint are to the following effect: that he and the five defendants-appellants are medical doctors specializing in anesthesiology in the City of Jacksonville, in the said county, the said defendants trading and doing business as Anesthesia Associates; that the defendant Physicians Service Bureau, not a party on this appeal, is a professional management and collection agency handling the affairs of the plaintiff and the said Anesthesia Associates; that the plaintiff and the five appellants, together with four other doctors, have heretofore been engaged in the said practice as a general partnership under the name of Anesthesia Associates pursuant to a written agreement, made on June 2, 1958, under which they were to share profits or losses equally; that in March of 1963 the said ten partners agreed that the said four doctors, who are not parties to this litigation, would retire from the partnership pursuant to Article VII of the said partnership agreement at 7 a. m. on May 1, 1963; that at or about the same time, on March 13, 1963, the remaining six partners (the plaintiff and the five individual defendants) agreed that the plaintiff would retire from the partnership at 8 a. m. on May 1, 1963, not pursuant to Article VII of the said partnership agreement but under a different agreement whereby the plaintiff was to receive his stipulated share of the cash on hand and would further receive 100% of his share of accounts receivable, including those over twelve months old, anything contained in Paragraph 1 of the said Article VII to the contrary notwithstanding; that this last-mentioned agreement was further confirmed and acknowledged by a memorandum dated March 15, 1963, to the said six remaining partners signed by one Brainard, who was a partner of the defendant bureau, which memorandum was acknowledged and agreed to by *696 the said six remaining partners; and that, under this memorandum agreement, the plaintiff was a full partner entitled to one-sixth of the net proceeds of the accounts receivable as of May 1, 1963, at 8 a. m., and the accounts collected by the defendant bureau would be deposited in a trust account in a certain bank for monthly distribution by the bureau on the basis of one-sixth to the plaintiff and five-sixths to the five individual defendants, who continued doing business as Anesthesia Associates from and after May 1, 1963.
The plaintiff further alleges in his complaint that, notwithstanding the above agreements, copies of which he attached as exhibits to his complaint, and contrary to their provisions, the Anesthesia Associates, through one or more of its then partners, on or about June 5, 1963, and July 5, 1963, wrongfully conspired with the defendant bureau, to make distribution on the basis of one-tenth of the net proceeds to the plaintiff rather than on the basis of one-sixth as had been agreed; that distribution was made on the basis of one-tenth for the months of May and June, 1963, and since the first part of July, 1963, the plaintiff has received no monies from the said trust fund.
In his complaint the plaintiff prays that the court order an accounting in accordance to the said agreements and decree that he is entitled to one-sixth of the net proceeds collected or to be collected from and after May 1, 1963, and prays for other equitable relief.
To the above complaint the five individual defendants, the appellants, filed their answer admitting some of the allegations in the complaint and denying others. They admit entering into the original partnership agreement of June 2, 1958, and the supplemental agreement of March 13, 1963, concerning the retirement of the plaintiff from the partnership. However, in those portions of their answer stricken by the chancellor in the order appealed from, the said defendants allege that the memorandum of March 15, 1963, “does not reflect the agreement of these defendants with the plaintiff and has not been followed in making distribution of said trust account.” In other stricken portions of their answer the said, defendants allege that “by discussion and agreement between the plaintiff and these defendants that plaintiff was to receive one-tenth (Jlo) of the accounts receivable”— rather than the one-sixth share recognized in the said memorandumm of March 15, 1963. Nowhere in their answer, however,, do these defendants deny that each of' them signed his name to the said memorandum, along with the plaintiff, under the-heading “Acknowledged and Agreed to as. Above” — as shown in the copy of that memorandum which is attached to the plaintiff’s complaint as “Exhibit C” and made by reference a part of the said complaint.
The said memorandum of March 15, 1963,. is specifically addressed to the plaintiff and the said five defendants and written, as mentioned above, by the said Brainard. The opening paragraph of this memorandum reads as follows:
“It is our understanding that you wish us to continue the business handling of those certain accounts receivable identified as ‘Anesthesia Associates accounts receivable prior to May 1, 1963’, and that we are expected to receive, record and bank all receipts, deduct our fee for this work, and remit one-sixth of the net proceeds to Dr. Dominick A. Bianchi and five-sixths to the remaining men named above.”
The next-to-the-last sentence of the said memorandum reads: “If the above-proposed matters are acceptable to you, please sign and return the original of this letter as acknowledgment.” Following Brainard’s signature are the words in all-capital letters “Acknowledged and Agreed as Above” and the signatures of the plaintiff and the said five defendants.
The efforts of the said defendants to vary the terms of a written instrument — the above memorandum — by alleging the mat *697 ters included in the portions of their answer stricken by the chancellor present an almost classic example of why the courts of America and England have for centuries recognized and applied what has come to he known as the parol evidence rule.
While the parol evidence rule has been variously stated in different decisions, a succinct statement of the rule is that parol evidence is inadmissible to vary the terms of a valid written instrument. J. M. Montgomery Roofing Co. v. Fred Howland, Inc., 98 So.2d 484 (Fla.1957). As we pointed out in Paradise Beach Homes, Inc. v. South Atlantic Lbr. Co., Fla.App., 118 So.2d 825 (1960), this rule is not a rule of evidence but of substantive law, and it rests upon a rational foundation of experience and policy and is essential to the certainty and stability of written obligations.
A fair discussion of the parol evidence rule, however, must include a recognition of the fact that in many cases the courts have recognized certain exceptions to or, perhaps more accurately, certain clarifications of, that rule. For instance, the Supreme Court of Florida in Jackson v. Parker, 153 Fla. 622, 15 So.2d 451 (1943), held that, when the statement of a term, such as the consideration, in a written agreement is not a complete statement, parol evidence may be admissible as to that term. Again, as the Supreme Court pointed out earlier in McNair & Wade Land Co. v. Adams, 54 Fla. 550, 45 So. 492 (1907), the parties to a written contract may prove by parol evidence facts consistent with the agreement, .although not expressed in it. That court also held in McClure v. Century Estates, 96 Fla. 568, 120 So. 4 (1928), that parol evidence may be introduced to explain ambiguities or uncertainties in a written contract.
We do not think that the appellants can bring the matters stricken from their answer within any of the recognized exceptions to the parol evidence rule. Certainly there was no ambiguity in the understanding stated in the memorandum of March 15, 1964, that the plaintiff was entitled to a one-sixth share. Measured by any logical standard, their allegation that it was understood that the plaintiff would he entitled to only a one-tenth share after the number of partners had dropped from ten to six, was inconsistent with the clear intent of not only the said memorandum but also the supplemental agreement of March 13, 1963, and the original partnership agreement of June 2, 1958, all three of which written instruments were admittedly signed by the appellants.
We conclude that the chancellor properly granted the plaintiff’s motion to strike the above-mentioned portions of the defendants-appellants’ answer to the complaint. The order appealed from, therefore, must be and it is
Affirmed.
STURGIS, C. J., and RAWLS, J., concur.