405 So.2d 186 (1981)
FIRST GUARANTY CORPORATION, a Minnesota Corporation, Joseph E. Campion, Peter J. Campion, Joseph J. Omerza and Arthur K. Raudio, Appellants,
v.
PALMER BANK AND TRUST COMPANY OF FORT MYERS, N.A., a Florida Corporation, Appellee.
No. 80-1884.
District Court of Appeal of Florida, Second District.
September 2, 1981.
Rehearing Denied October 28, 1981.
*188 Steven G. Schember of Kirk, Pinkerton, McClelland, Savary & Carr, Sarasota, for appellants.
H. Stephen Frank, Fort Myers, for appellee.
SCHEB, Chief Judge.
The issue presented in this case is whether a note and mortgage which was not signed by the appellants, First Guaranty Corporation and its principals, together with certain other signed and unsigned documents satisfied the requirements of the statute of frauds. The trial court found that the documents, taken as a whole, did satisfy the statute. Therefore, the court concluded the appellants were liable, as guarantors, for a deficiency judgment on foreclosure by the appellee Palmer Bank and Trust Company of Fort Myers, N.A. We disagree and reverse.
Palmer Bank and Trust Company sued to foreclose a note and mortgage and to obtain a deficiency judgment against the appellants and two other codefendants should the proceeds of the sale of the secured real property be insufficient. Appellant, First Guaranty Corporation, is a Minnesota corporation which agreed to provide capital necessary for real estate development to Edward C. Hillstrom and Neil O. Larson who, along with appellants, were codefendants in the suit. At trial testimony revealed that, while the appellants did agree to act as financiers for Hillstrom and Larson, they did not sign the note and mortgage; instead, these documents were signed only by Hillstrom and Larson "as trustees under that unrecorded trust of May 30, 1974." Nevertheless, the court found the appellants as well as Hillstrom and Larson liable for a deficiency judgment of $161,340.26.
Appellants argue that because they did not sign the note and mortgage, the statute of frauds precludes their liability for a deficiency. Appellee, on the other hand, points to three agreements which it claims can be considered in conjunction with the note and mortgage to satisfy the statute of frauds: (1) an unsigned land trust agreement, (2) a joint venture agreement signed by the appellants and Hillstrom and Larson, and (3) five separate guaranty agreements each signed by one of the appellants. They contend that these agreements, being part of a total loan construction package, sufficiently demonstrated the appellants' involvement in the ongoing real estate transaction and manifested their intent to guarantee the Bank's loan to Hillstrom and Larson.
The statute of frauds requires a written contract guaranteeing the debt of another to be signed by the person to be charged. § 725.01, Fla. Stat. (1979). Moreover, to comply with the statute, the writing must contain the essential terms of the transaction. However, several writings, only one of which is signed, may be aggregated to satisfy the statute, Bader Brothers Transfer & Storage, Inc. v. Campbell, 299 So.2d 114 (Fla. 3d DCA 1974), provided the signed writing expressly or implicitly refers to the unsigned document. Meek v. Briggs, 80 Fla. 487, 86 So. 271 (1920); Socarras v. Claughton Hotels, Inc., 374 So.2d 1057 (Fla. 3d DCA 1979); Ashland Oil, Inc. v. Pickard, 269 So.2d 714 (Fla. 3d DCA 1972); 15 Fla. Jur. Statute of Frauds, § 11 (1964). An implied reference may be established by either the fact that the documents relate to the same subject matter or by physical annexation. Simmons v. Tobin, 89 Fla. 321, 104 So. 583 (1929). Moreover, parol evidence is, in certain instances, admissible to clarify the writing. Jackson v. Parker, 153 *189 Fla. 622, 15 So.2d 451 (1943); Northwestern Bank v. Cortner, 275 So.2d 317 (Fla. 2d DCA 1973).
Since the trial court did not articulate the basis on which it concluded that the appellants were liable, we now review each of the agreements which appellee alleges satisfies the statute.

I. LAND TRUST AGREEMENT
The Bank alleged in its foreclosure complaint that an unsigned land trust agreement dated May 3, 1974, was the same agreement referred to by Hillstrom and Larson where they signed the Bank's mortgage as "trustees under that unrecorded trust of May 30, 1974." They argue this trust agreement sets forth the relationship between the parties and establishes that the appellants intended to guarantee the loan represented by the note and mortgage signed by Hillstrom and Larson. However, since the agreement was not signed, it cannot supplement the note and mortgage to satisfy the statute.

II. JOINT VENTURE AGREEMENT
This agreement dated May 9, 1974, is the only agreement signed by the appellants as well as Hillstrom and Larson. It defines the relationship of the parties with respect to the purchase and development of real estate, one parcel of which is the realty secured by the mortgage. Initially, the Bank argues that the joint venture agreement, together with the note and mortgage, satisfies the statute of frauds. As noted, the court could properly have considered the note and mortgage along with the joint venture agreement if the agreement expressly or implicitly referred to the note and mortgage. However, since no reference is made to the mortgage itself or to any obligation owing to Palmer Bank or to any other financial institution, the mortgage document cannot be interrelated with the joint venture agreement to satisfy the statute of frauds.
In addition, the appellee Bank maintains that the joint venture agreement establishes that Hillstrom and Larson were acting as appellants' agents. Therefore, the Bank concludes that the appellants were bound by the signatures of Hillstrom and Larson on the note and mortgage. While it generally precludes introduction of testimony of prior or contemporaneous agreements, the parol evidence rule permits a court to receive testimony for the purpose of determining whether an agency relationship exists with an undisclosed principal. Landis v. Mears, 329 So.2d 323 (Fla. 2d DCA 1976). At trial the Bank contended that codefendant Larson acted on behalf of the appellants, First Guaranty and its four principals, and that it would not have made the loan absent this understanding. That contention is unavailing, however, since paragraph 6 of that agreement provides:
It is further agreed that the duties of each party are subject to the approval and control of the other and that the parties hereto are not parties (sic) but joint adventurers in which neither can bind the other to third parties... .

III. GUARANTY AGREEMENTS
Five guaranty agreements were submitted to the court to establish that the appellants could be charged as guarantors on the note and mortgage. The body of each of these printed form agreements contained three blanks. The first would specify the name of the borrower, the second, the amount of the liability guaranteed, and the third, the date the documents were signed. First Guaranty Corporation was typed in as being the name of the borrower in the forms signed by the four individual appellants, but the other blanks were not filled in. On the form signed by First Guaranty Corporation, all of the spaces were left blank.
Over the objection of appellants, the trial court permitted the introduction of parol evidence to determine the parties' intent. Conflicting evidence was submitted concerning the agreements' purpose. The appellee contends that they were intended by the parties to guarantee their loan on the note and mortgage; while the appellants assert that they were submitted as part of *190 an application to obtain a construction loan unrelated to the note and mortgage.
It is well settled that parol evidence may not be introduced to vary the terms of a written agreement. Schwartz v. Zaconick, 68 So.2d 173 (Fla. 1954); Atkins v. Bianchi, 162 So.2d 694 (Fla. 1st DCA 1964). Thus, with respect to the forms signed by the four individual appellants, the court erred in admitting parol evidence in direct conflict with the written insertion that the debt to be guaranteed was a loan to First Guaranty Corporation, not Hillstrom and Larson.
On the other hand, the guaranty agreement signed by First Guaranty Corporation was admittedly ambiguous because all of the spaces were left blank. Therefore, further refinements of the parol evidence rule must be considered.
Where a document is ambiguous, the trial court may admit parol evidence to determine the parties' intent if the ambiguity is latent. Whitfield v. Webb, 100 Fla. 1619, 131 So. 786 (1931); Hunt v. First National Bank, 381 So.2d 1194 (Fla. 2d DCA 1980); Drisdom v. Guarantee Trust Life Insurance Co., 371 So.2d 690 (Fla. 3d DCA 1979); City of Hollywood v. Zinkil, 283 So.2d 581 (Fla. 4th DCA 1973). A latent ambiguity exists where a document is rendered ambiguous by some collateral matter. Where, however, the court, to supply the essential information, would have to rewrite the contract for the parties, the ambiguity is patent and parol evidence is inadmissible. Ace Supply Co. v. Terra Nova Electric, Inc., 288 So.2d 544 (Fla. 1st DCA 1974); Patterson v. Taylor, 123 So.2d 389 (Fla. 3d DCA 1960).
The guaranty agreement executed by First Guaranty Corporation was a shell form signed in blank. The omissions in the agreement rendered it patently ambiguous. Therefore, the court erred in receiving testimony. Connelly v. Smith, 97 So.2d 865 (Fla. 3d DCA 1957).
Since appellants did not sign the note and mortgage and none of the agreements, when aggregated, satisfy the statute of frauds, the trial court erred in determining the appellants were liable for the deficiency judgment on foreclosure.
Accordingly, we reverse and remand to the trial court with directions to vacate the deficiency judgment against appellants.
GRIMES and RYDER, JJ., concur.