**In re Lynda Merle ATKINS, Debtor.**

**Bankruptcy No. 91–3872–BKC–3P3.**

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

April 14, 1992.

Andrew J. Decker, Live Oak, Fla., for debtor.

Jimmy Dye, Tallahassee, Fla., for Green Tree Acceptance, Inc.

Jerry A. Funk, Jacksonville, Fla., trustee.

## MEMORANDUM OPINION

GEORGE L. PROCTOR, Bankruptcy Judge.

On July 23, 1991, Lynda Merle Atkins filed a voluntary petition for relief under the provisions of chapter 13 of the Bankruptcy Code. On December 2, 1991, debtor

filed an amended chapter 13 plan to which Green Tree Acceptance Inc. objected. A confirmation hearing was held on February 25, 1992, and upon the evidence presented, the Court enters the following Memorandum Opinion:

## FACTS

On June 7, 1989, debtor and Green Tree Acceptance, Inc. ("Green Tree") entered into a retail installment contract for the purchase of a 1989 mobile home, serial number FLHMLCP2815–150–4232A & B. Green Tree provided financing for $22,-460.00 of the purchase price, thus obligating debtor to make monthly payments of $263.14 for 20 years.

Debtor alleges that the original contract was modified by the parties during April of 1991, to reflect a debt amount of $19,420.00 to be paid in monthly installments of $220.73 over 15 years at 11 percent interest.

No written contract modification was executed by both the parties. However, Green Tree's attorney sent a letter dated April 23, 1991, to debtor's attorney which stated "If your client can live with the $19,240 figure, please mail a revised Modification for execution."

A modification dated April 1, 1991, was executed by debtor only. The modification called for monthly payments of $200.45 for 20 years at 11 percent interest and described the pre-confirmation payments as adequate protection. The document also stated that the changes were only binding and final upon confirmation of the chapter 13 plan and were not effective or binding outside of chapter 13.

Debtor filed a chapter 13 petition for relief on July 23, 1991. On December 2, 1991, debtor filed an amended plan providing for monthly payments to Green Tree of $220.73 over 15 years at 11 percent interest. Green Tree has made written objection to the amended plan.

## DISCUSSION

The Statute of Frauds is designed to prevent fraudulent claims by requiring certain types of contracts to be evidenced by a writing. The Florida Statute provides in pertinent part:

(1) Except as otherwise provided in this section a contract for the sale of goods for the price of $500 or more is not enforceable by way of action or defense unless there is some writing sufficient to indicate that a contract for sale has been made between the parties and signed by the party against whom enforcement is sought or by his authorized agent or broker. A writing is not insufficient because it omits or incorrectly states a term agreed upon but the contract is not enforceable under this paragraph beyond the quantity of goods shown in such writing.

Fla.Stat. § 672.201.

■ In order to promote accuracy and certainty in contracts, the Statute of Frauds should be interpreted strictly. *Yates v. Ball*, 132 Fla. 132, 181 So. 341 (1937); *Ostman v. Lawn*, 305 So.2d 871, 872–73 (3d DCA 1974). Accordingly, contracts required to be writing under the Statute of Frauds, can only be modified in writing and oral changes are not enforceable. *United of Omaha Life Insurance Co. v. Nob Hill Associates*, 450 So.2d 536, 539 (3d DCA 1984), *review dismissed, Nob Hill Associates v. United of Omaha Life Ins. Co.*, 458 So.2d 273 (Fla.1984) and *review denied, United of Omaha Life Ins. Co. v. Nob Hill Associates*, 458 So.2d 274 (Fla.1984); *McCollum Aviation v. CIM Associates, Inc.*, 446 F.Supp. 511 (S.D.Fla. 1978).

■ Although the Statute of Frauds requires a writing, it does not require a single writing. Several writings, one signed, may be aggregated to form an enforceable contract for Statute of Frauds purposes. However, the signed writing must in some way refer to the unsigned documents. *First Guaranty Corp. v. Palmer Bank & Trust Co., N.A.*, 405 So.2d 186, 188 (2d DCA 1981); *Socarras v. Claughton Hotels, Inc.*, 374 So.2d 1057, 1059–60 (3d DCA 1979).

In addition, the writings must contain all the essential elements of the agreement

without resort to parol evidence. *Id.* The terms must be expressed with reasonable certainty and what is reasonable depends on the facts of the particular case. *Id.* at 1060.

In the instant case, debtor argues that the writing requirement has been satisfied by the letters exchanged between counsel. However, the only letter in evidence is the April 23, 1991, letter from Green Tree's counsel referring to a dollar figure and a revised modification. Although the letter refers to an earlier letter from debtor's counsel, that document is not in evidence.

The only other writing in evidence is the April 1, 1991, Modification executed by debtor. This modification is dated prior to the letter and contains a payout schedule different from the amended chapter 13 plan.

The Court concludes that the writings in evidence are insufficient to satisfy the Statute of Frauds. The internal connection between the documents is tenuous because the letter refers to a "revised" modification and the signed modification predates the letter by over three weeks.

In addition, the terms of the modification are not established by the writings with a reasonable certainty. The letter merely recites a dollar figure with no reference to its significance. The monthly payment amount and number of payments outlined in the modification vary from those contained in the amended plan. Thus, essential terms of the modification are not expressed with reasonable certainty.

## CONCLUSION

The Court finds that Fla.Stat. § 672.-201(1) is applicable and no writing sufficient to establish an enforceable modification has been shown.

A separate order sustaining Green Tree Acceptance Inc.'s objection and denying confirmation will be entered consistent with this Memorandum Opinion.