**CENTRAL NATIONAL BANK, Plaintiff,**

v.

**Virgil M. PALMER, III, Defendant.**

**No. 91–1250–CIV–T–17(C).**

United States District Court,
M.D. Florida,
Tampa Division.

Nov. 9, 1992.

R. Lynette Mancuso, Syprett, Meshad, Resnick & Lieb, P.A., Sarasota, Fla., for plaintiff.

Robert Cyril Widman, Nelson, Hesse, Cyril, Smith, Widman & Herb, Sarasota, Fla., for defendant.

ORDER ON MOTION FOR SUMMARY FINAL JUDGMENT

KOVACHEVICH, District Judge.

This cause is before the Court on Plaintiff's motion for final summary judgment

regarding two counts; and Plaintiff's memorandum in support thereof, filed April 10, 1992. Plaintiff's deposition of Virgil M. Palmer, III was filed April 10, 1992. Defendant's response to Plaintiff's motion for summary judgment was filed April 24, 1992. Count I is a mortgage foreclosure action against Defendant VIRGIL M. PALMER, III. Count II is an action for damages for non-payment of a note against Defendant VIRGIL M. PALMER, III.

## BACKGROUND

On November 7, 1985, Defendant VIRGIL M. PALMER, III executed and delivered to Plaintiff a "Mortgage Note", and "Mortgage" securing the payment of the indebtedness evidenced by the mortgage note. The mortgage was recorded in the Official Records Book of the Public Records of Manatee County, Florida. Each year thereafter, for a period of five years, the mortgage and mortgage note were modified by "Modification and Extension Agreements" or "Mortgage Modification Agreements". Each Modification Agreement was accompanied by a Renewal Promissory Note which was also executed by the Defendant. Each Modification Agreement was recorded in the Official Records Book of the Public Records of Manatee County, Florida. This practice was followed by the parties without complaint until the seventh year following the making of the original "Mortgage" and "Mortgage Note".

On November 17, 1990, the mortgage and mortgage note were modified for the sixth time. The sixth Modification Agreement was recorded in the Official Records Book of the Public Records of Manatee County, Florida. A Renewal Promissory Note dated November 17, 1990, was also signed by the Defendant. Payments were made in provision with the sixth Modification Agreement up until April 17, 1990, at which time an installment payment was due. Defendant made only a partial payment at that time and failed to make any other payments thereafter. A two-count complaint to foreclose the mortgage and collect on the note was filed in Manatee County, Florida on August 6, 1991. The counsel for the Defendant then removed the case to this court based on diversity jurisdiction.

## DISCUSSION

Plaintiff asserts that Defendant owes the principal amount of $118,744.18, together with interest, late charges, delinquent real estate taxes, cost of collection, and attorney's fees as provided for by the sixth Renewal Note and Mortgage as modified by the sixth Modification Agreement. Plaintiff also states that the Mortgage sued upon constitutes a valid lien on the property sought to be foreclosed, is in default and is superior to any right, title, interest or claim of Defendant in this action, and all persons or entities claiming by, through or under him. Plaintiff further states Defendant PALMER was served with process and that the property is now owned by Defendant PALMER, who holds possession. Based on the foregoing, Plaintiff argues that it is entitled to summary final judgment as a matter of law. *County of Pinellas v. Clearwater Federal Savings & Loan Association*, 214 So.2d 525 (2d DCA Fla.1968); *Baader v. Walker*, 153 So.2d 51 (2d DCA Fla.1963); *Flagship Bank of Orlando v. Bryan*, 384 So.2d 1323 (5th DCA Fla.1980).

In response, Defendant asserts that the sixth Renewal Promissory Note is not enforceable because the Note "is clearly not signed by the Defendant other than to acknowledge receipt of copy." The Defendant argues that the evidence and meaning of the Defendant's signature on the sixth Promissory Renewal Note is to be discerned only from paragraph twenty-five of that Note. Paragraph twenty-five states:

"25. RECEIPT OF COPY. By signing below, Borrower acknowledges that Borrower has read and received a copy of this Note.
BORROWER: _____
                VIRGIL M. PALMER, III
                Individually"

During deposition Defendant acknowledged affixing his signature to the line below paragraph twenty-five. Defendant also admitted during deposition that he owes Plaintiff, CENTRAL NATIONAL BANK, approximately $118,000.00, plus interest. Defendant further admitted during deposition that the reason he stopped making payments to Plaintiff was because he "just wasn't able to sell the property and take care of the—the debt service." Defendant stated during deposition that his occupation was that of a "Real Estate Investor" and that he had been employed in that occupation for "20 years".

Defendant acknowledged affixing his signature below paragraph twenty-five of the sixth Renewal Promissory Note. However, his attorney would not allow him to explain his understanding as to what he was doing when he placed his signature beneath paragraph twenty-five. Defendant's counsel objected stating:

The agreement says what it says. He has affixed his signature. What that means as a matter of law, not a matter of fact, what he—what his impression was or what the bank's impression was is irrelevant and immaterial. You can answer the question if you—if you have any specific recollection of what you were thinking on November 17, 1990 when you affixed your signature on line—below line twenty-five.

Whereupon, Defendant testified:

I signed so darn many of those that I'm not sure that I even paid attention to or knew if anything else was involved in the package. Even though if I signed it, I don't know that I knew that there was a specific instrument otherwise in the package or not to be honest with you because I've signed a lot of those in a hurry and they all seemed to be the right format, and I don't sit and read them for thirty minutes like I probably should.

Defendant offers no evidence to refute the affidavit of Thomas W. Gurley, wherein it was stated:

1. It is the intention and practice of Central National Bank, as well the custom and practice in the banking industry, for an individual or entity to sign the last page of a document in order to agree to be bound by the terms set forth therein.

2. Prior to Virgil M. Palmer, III, signing Renewal Note # 6, and Modification # 6, I advised him to sign the signature line on the last page of both documents in order to be bound by the terms. I then observed Virgil M. Palmer, III, place his signature on the last page of Note # 6 and Modification # 6.

3. The signature of Virgil M. Palmer, III, on the last page of Note # 6 and Modification # 6 was in no way intended to merely acknowledge reading and receiving a copy of the documents, but instead, was meant to bind Virgil M. Palmer, III, to the terms set forth therein.

Defendant asserts that any argument to the effect that the signature at paragraph twenty-five constituted "signature" of the note rather than merely "acknowledgement of receipt of copy" is barred by the Parol Evidence Rule. The Parol Evidence Rule forbids the introduction of parol evidence in direct conflict with the terms of a written agreement. *First Guaranty Corporation v. Palmer Bank And Trust Company of Fort Myers, N.A.*, 405 So.2d 186, 190 (2d DCA Fla.1981). Thus, Defendant asserts

the sixth Renewal Promissory Note is unenforceable and any claim for monies owed is barred by the Statute of Frauds. "The Statute of Frauds requires a written contract guaranteeing the debt of another to be signed by the person to be charged." *Id.* at 188.

In response, Plaintiff asserts that each and every affirmative defense filed in this cause is without legal effect based on the facts and law. The Court agrees. Even if the Court accepts Defendant's argument that the Parol Evidence Rule bars the Plaintiff from proving execution by use of parol evidence, the Respondent's defense is without merit. No reasonable interpretation of the sixth Renewal Promissory Note would support the Defendant's contention that the signature at paragraph twenty-five was "merely to show acknowledgement of receipt of copy." While it is true that:

"The courts are in entire agreement that the moving party for summary judgment has the burden of showing the absence of any genuine issue as to all the material facts, which under applicable principles of substantive law, entitle him to judgment as a matter of law." *Warring v. Winn Dixie Stores*, 105 So.2d 915, 916–17 (3d DCA Fla.1958).

and the

".... movant must make a showing that is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." *Id.;*

it is also true that where a pleading offers only the pretense of an issue, or what may be referred to as merely a "paper issue", such "non-issues" should be recognized as such and summary judgment entered. *Smith v. Bollinger*, 137 So.2d 881, 886 (2d DCA Fla.1962).

■ A non-issue is presented here. Defendant cannot rely on the heading at paragraph twenty-five which states: "RECEIPT OF COPY. By signing below, Borrower acknowledges that Borrower has read and received a copy of this Note." to assert the defense that the signature constituted only an acknowledgement of receipt of copy.

■ First, it is well·established that the intention of the parties is to be ascertained from the "whole" instrument and not merely a selected part. *International City Bank & Trust Company v. Morgan Walton Properties, Inc.*, 675 F.2d 666 (5th Cir.1982) *cert. den.*, 459 U.S. 1017, 103 S.Ct. 379, 74 L.Ed.2d 511 (Fla.1982); *Policastro v. Rudt*, 180 So.2d 472 (2d DCA 1965). Thus, the note must be examined as a whole in order to give effect to each and every part of it.

■ Second, where two instruments relating to the same transaction are simultaneously executed, they should be construed as one. As explained in *Taylor et al. v. American National Bank of Pensacola, Fla.*, 63 Fla. 631, 57 So. 678 (Fla.1912):

Where a note evidencing a debt and a mortgage to secure its payment are executed at the same time in one transaction, and the mortgage refers to the note, they should be considered together in determining their meaning and effect.... If there be any provisions of one of such instruments limiting, explaining or otherwise affecting the provisions of the other, they will be given effect as between the parties themselves and all persons charged with notice, so that the intention of the parties may be carried out, and the entire agreement actually made in the contemporaneous transaction may be effectuated.

Although this case deals with a sixth Renewal Promissory Note and sixth Mortgage Modification Agreement, they were executed in one transaction and logic dictates that they be construed together.

■ Lastly, construction of a contract is ordinarily a question of law and as such is suitable for summary judgment. *Quayside Associates, Ltd. v. Harbour Club Villas Condominium Ass'n, Inc.*, 419 So.2d 678 (3d DCA Fla.1982). Based on the foregoing, the Court finds:

In examining the sixth Renewal Promissory Note as a whole it is clear that the proper construction of the signature at paragraph twenty-five evidences both an acknowledgment of receipt of copy and an intent to be bound by the note. This interpretation gives effect to all provisions within the note as a whole and does not conflict

with the terms of paragraph twenty-five. The first page of the note has the heading:

PROMISSORY NOTE

(Business Purpose)

Evidence a Renewal of a Loan From

CENTRAL NATIONAL BANK

Following which, the date and parties are spelled out along with the statement: "This note evidences a loan (Loan), which includes all extensions, renewals, modifications and substitutions." The first page also contains the first eight terms of the agreement under various specified headings. At the bottom of the first page are the Defendant's initials. The line upon which the Defendant's initials are signed reads as follows:

Promissory Note–Business          11/17/90          Initials＿＿＿＿.

There is no statement that the initials are for any purpose other than to evidence being bound by the terms of the note.

Page two of the note includes terms nine through sixteen of the agreement under various specified headings. Again, at the bottom of the second page are the defendant's initials and the line upon which he affixed his initials reads as follows:

Promissory Note–Business          11/17/90          Initials＿＿＿＿.

Again, there is no statement that the initials are for any purpose other than to evidence being bound by the terms of the note.

Page three of the note, which is the last page, includes terms seventeen through twenty-five of the agreement under various specified headings. Of particular importance are the terms specified under heading number twenty-three which is entitled, "General Provisions" and contains fourteen sub-headings. The sub-heading entitled, "H. DEFINITIONS" states:

The terms used in this Note, if not defined herein, shall have their meanings as defined in other documents executed contemporaneously, or in conjunction, with this Note.

Sub-heading "I. PARAGRAPH HEADINGS" states:

The headings at the beginning of each paragraph, and each sub-paragraph, in this Note are for convenience only and shall not be dispositive in interpreting or construing this Note or any part thereof.

And finally, sub-heading "N. BORROWER DEFINED" states:

The term "Borrower" includes each and every person signing this Note as a Borrower and any co-signers.

Therefore, paragraph twenty-three entitled "GENERAL PROVISIONS" sub-paragraph "I" makes it clear that the heading "Receipt of Copy" at paragraph twenty-five is for convenience only and is not dispositive in interpreting or construing the note or any part thereof. Additionally, sub-paragraph "N" makes it clear that the term "Borrower" includes each and every person signing the note as a Borrower and any co-signers. Thus, under paragraph twenty-five, where it states "BORROW-ER:" immediately before the signature line signed by the defendant, it is clear that the defendant did, indeed execute the note to be bound as the "Borrower" and not merely to acknowledge that he had read and received a copy of the note.

Signing as a "Borrower" and as one who has read and received a copy of the note is

not contradictory. The two terms signed and agreed to, can and do coexist as set forth under paragraph twenty-five. This is the only reasonable interpretation when the note is construed as a whole so as to give effect to every part of it.

The note provides under "GENERAL PROVISIONS" sub-paragraph "H", that the terms used in the note, if not defined therein shall have their meanings as defined in the other documents executed contemporaneously, or in conjunction, with the note. Both the note and the Modification Agreement were executed on November 17, 1990, by Defendant. The Modification Agreement was recorded by Plaintiff. The Modification Agreement states in paragraph three:

   3. MODIFICATION. The above described note(s) have been renewed and the Renewal Note (Renewal Note) now evidence the indebtedness (obligation) of VIRGIL M. PALMER, III (Borrower) to Bank as evidenced by Borrower's promissory note payable to the order of Bank dated November 17, 1990 evidencing a loan (Loan) in the principal amount of $120,218.26....

The first page of the Modification Agreement which contains the above referenced paragraph was initialled by Defendant. This paragraph clearly indicates that Defendant's signature as the "BORROWER" at paragraph twenty-five of the sixth Renewal Promissory Note executed on November 17, 1990, was signed in order to be bound by the terms of the note.

And finally, paragraph nine of the Modification Agreement states:

   9. RECEIPT OF COPY. Borrower acknowledges receiving a copy of this Agreement.

BORROWER:  (Defendant's signature appears here)
                _____
                VIRGIL M. PALMER, III
                Individually

APPROVED:  November 17, 1990,

BANK:
                CENTRAL NATIONAL BANK
                a national banking association
              (signature of T.W. Gurley appears here)
            _____
        T W. GURLEY, SENIOR VICE PRESIDENT

As shown above, the Modification Agreement uses the identical wording to evidence execution as was used to evidence execution of the sixth Renewal Promissory Note. Defendant did not assert that his signature was merely evidence of reading and receiving a copy of the Modification Agreement and no objection was raised as to the recording of the Modification Agreement.

Further, the recorded Modification Agreement directly refers to the Renewal Promissory Note executed contemporaneously with the Modification Agreement and evidences the indebtedness of the Defendant as the Borrower. Thus, in construing both instruments together there is no question that the Defendant executed both instruments to evidence his status as the "Borrower" and to show he read and received a copy of each. Accordingly, Final Summary Judgment is granted for the Plaintiff on both counts. Accordingly, it is

ORDERED and ADJUDGED that:

1. Defendant, VIRGIL M. PALMER, III, owes Plaintiff the following sums of money: ONE HUNDRED EIGHTEEN THOUSAND SEVEN HUNDRED FORTY-FOUR and 18/100 ($118,744.18) that is due

on principal, together with interest in the amount of TWENTY–THREE THOUSAND SEVEN HUNDRED SIXTEEN and 00/100 ($23,716.00) as of November 5, 1992, interest accruing thereafter at the rate of $39.5813 per day; TWO–HUNDRED FORTY–NINE and 90/100 ($249.90) due for the Title Report conducted pursuant to this action; an EIGHTY–FIVE and 50/100 ($85.50) filing fee; a TWENTY–SEVEN and 50/100 ($27.50) Service of Process charge; FOUR THOUSAND TWO HUNDRED ($4,200.00) in attorney fees.

2. Defendant also owes Plaintiff certain sums of money for late charges, delinquent real estate taxes and costs of collection, such sums to be entered at a future date by the Clerk of the Court.

3. Plaintiff has a lien upon the property as described in the mortgage for the total money owed as adjudicated by this Court.

4. Plaintiff's mortgage lien and security interest is superior and paramount to all liens, rights, title and interest of Defendant herein named, or any party claiming by, through or under him, and such liens, rights, title or interest of Defendant or any party claiming by, through or under him are forever barred and foreclosed.

5. The Court retains jurisdiction of this cause in order to make any and all further orders and judgments as may be necessary and proper, including the entry of a deficiency decree, when and if such deficiency decree shall be necessary.

6. Defendant shall pay the money owed Plaintiff within thirty (30) days of the date of this order.

7. If the total amount due and all costs advanced subsequent to this judgment are not paid by Defendant within thirty (30) days the Court orders that the mortgage be foreclosed and the property sold to satisfy Plaintiff's lien, in accordance with the provisions of Section 45.031, *Florida Statutes.*

8. Plaintiff shall certify to the Clerk of the Court and to the Defendant, the amounts due for late charges, delinquent real estate taxes and costs of collection within fifteen (15) days of the date of this order.

9. The Clerk of the Court shall enter judgment for Plaintiff against Defendant in accordance with this order.

DONE and ORDERED.