PER CURIAM.
This is an appeal by the plaintiff Bianehi’s From Roma, Inc. from an adverse final summary judgment in an action to collect funds allegedly due under a written agreement with the defendant Big Five Club, Inc. Contrary to the trial court’s determination, we conclude that a release which was signed simultaneously by the parties with the written agreement sued upon [thereby requiring that both of these instruments be construed together in determining the parties’ intent] did not, as a matter of law, extinguish the parties’ obligations to each other under the written agreement. We reach this result because, on this record, a genuine issue of material fact is presented as to whether the parties intended this result, as to which issue parol evidence would be admissible, given the obvious conflict between the written agreement which purports to impose mutual obligations on the parties and the simultaneously executed release which purports to extinguish all claims the parties have against one another. There is at least some evidence in this record tending to show that the parties did not intend such an apparently irrational result. This being so, a summary judgment for the defendant was entirely inappropriate. Central Natl Bank v. Palmer, 806 F.Supp. 253, 256 (M.D.Fla.1992); Langner v. Charles A Binger, Inc., 503 So.2d 1362,1364 (Fla. 3d DCA 1987); Westchester Fire Ins. Co. v. In-Sink-Erator, 252 So.2d 856, 858 (Fla. 4th DCA 1971); Commercial Trading Co. v. Zero Food Storage, Inc., 199 So.2d 109, 112 (Fla. 3d DCA), cert. denied, 204 So.2d 332 (Fla.1967); Hughes v. Professional Ins. Corp., 140 So.2d 340, 345 (Fla. 1st DCA), cert. denied, 146 So.2d 377 (Fla.1962).
The final summary judgment under review is therefore reversed and the cause is remanded to the trial court for further proceedings.